## MIAMI TRUST & SAVINGS BANK v. BOTTS, County Treasurer.

No. 7385—Opinion Filed Oct. 24, 1916.

(160 Pac. 727.)

**Taxation—Remedies for Wrongful Tax—Injunction.**

Where a tax for the year 1913 is sought to be levied and collected upon that portion of the capital and surplus of a state bank then invested in public building bonds, under

section 7318, Rev. Laws of 1910, held that, in an action for injunction where no question is raised as to the legality or applicability of such statute, the tax should be enjoined.

(Syllabus by Burford, C.)

Error from District Court, Ottawa County; F. S. Davis, Judge.

Action by the Miami Trust & Savings Bank against A. R. Botts, county treasurer of Ottawa county, to enjoin the levy and collection of a tax. From a judgment for defendant, plaintiff appeals. Reversed, with directions.

A. C. Wallace, for plaintiff in error.

Opinion by BURFORD, C. The Miami Trust & Savings Bank brought an action for an injunction against the county treasurer of Ottawa county, seeking to enjoin that officer from extending upon the tax rolls or attempting to collect certain taxes about to be so extended on the tax rolls against said bank. The cause was tried upon an agreed statement of facts. The trial court denied the injunction, and plaintiff appeals.

The county treasurer has filed no brief. However, owing to the public nature of the question involved, we have carefully examined the record herein. The agreed statement of facts is as follows:

"It is hereby agreed by and between the parties hereto that the facts upon which the questions involved must be determined are as follows:

"It is agreed: That the plaintiff is a banking corporation, organized and existing under and by virtue of the laws of the state of Oklahoma, and that the defendant is and was county treasurer of Ottawa county, Okla., at all times herein mentioned. That the plaintiff was engaged in the banking business in Miami, Ottawa county, Okla., on the 1st day of January, 1913, and had a capital stock of $10,000 and a surplus and undivided profit of $981.31. That the $10,000 capital stock of said corporation was on the 1st day of January, 1913, invested in public building bonds of the state of Oklahoma, and that $395.96 of the surplus and undivided profit of said corporation was on said date invested in real estate, and that this item last above named was assessed to said corporation separately in the name of said corporation. That the plaintiff corporation was assessed for the year 1913 upon the sum of $587.36, the same being the sum total of the capital stock, surplus, and undivided profits of said corporation, less the amount of the capital stock, surplus, and undivided profit invested in real estate and public building bonds of the state of Oklahoma, and that the plaintiff paid taxes assessed against it for said year on the said sum on the 23d day of January,

1914, and the 26th day of June, 1914, in the sum of $20.51.

"It is further agreed that on the 10th day of March, 1914; the defendant, A. R. Botts, county treasurer of Ottawa county, Okla., caused to be served upon this plaintiff a registered notice setting forth that certain personal property of plaintiff invested in furniture and fixtures to the value of $1,800 would be assessed to this plaintiff, on the 7th day of August, 1914, at the office of the county treasurer of Ottawa county, in the city of Miami, and county and state aforesaid, and that at the above time written objections might be made to the proposed listing and assessing. A true and correct copy of said registered notice is attached to this agreed statement of facts, marked 'Exhibit A,' and made a part hereof.

"It is further agreed: That the plaintiff appeared by its attorneys at the time and place mentioned in said notice and filed written objections to the proposed listing and assessment, for the reason and as ground for said objections stated that the plaintiff was a banking corporation under the laws of the state of Oklahoma, and could be assessed only upon its capital stock, surplus, and undivided profits, and further stated in said objection that the $10,000 capital stock of said banking corporation was on the 1st day of January, 1913, invested in public building bonds of the state of Oklahoma, and that said bonds were nontaxable, and that $395.96 of the surplus and undivided profit of said corporation was invested in real estate and assessed separately to the plaintiff, and that on the 1st day of January, 1913, it did not have $1,800 of its capital stock, surplus, and undivided profit invested in furniture and fixtures as set out in said notice. That said objections to said assessment as aforesaid, were by the defendant, county treasurer, overruled, and the county treasurer stated and threatened that he would forthwith assess said property as set forth in said notice, and place the same upon the tax roll of said county, and issue a warrant for the collection of the taxes due thereon. That pursuant to said threat the plaintiff herein procured from this court, and caused to be issued upon said defendant, A. R. Botts, a temporary restraining order, restraining said A. R. Botts from listing said property and collecting said taxes aforesaid, which said restraining order is now in full force and effect.

"It is further agreed: That the furniture and fixtures sought to be taxed by said defendant and of the value of $1,800 were used by said plaintiff on said 1st day of January, 1913, in its banking room in the conducting of its business as a banking corporation, and consisted of safes, counters, desks, etc., used in said banking business, and that the same was carried on the books of said bank as an asset, in the amount stated therein, and that said furniture and fixtures were carried on the books of said corporation and set forth in its published bank statement as furniture

and fixtures. That the taxes on said sum of $1,800 for the year 1913 would amount to $62.91 if same were taxable.

"It is further agreed that the court shall and may consider the petition of the plaintiff and the answer of the defendant herein for the purpose of ascertaining the issues involved herein.

"A copy of the assessment sheet of said banking corporation is hereto attached, marked 'Exhibit B,' and made a part hereof.

"It is further agreed by the parties hereto that the foregoing statement of facts are and constitute all the material facts in this case, as raised by the issues herein, and that the court shall decide the issues raised by the pleadings upon said statement of facts in lieu of any and all further evidence."

It appears that both parties below relied upon section 7318, Revised Laws of 1910, as being the governing statute, and that no question of its validity as a taxing statute or its applicability to plaintiff was raised. This statute provides:

"7318. Corporations and Banks.—All corporations organized, existing or doing business in this state, for profit, other than public service corporations, assessed by the state board of equalization, including national banks, state banks, and trust companies, shall be assessed upon the net value of their moneyed capital, surplus, and undivided profits, as the same existed on the first day of March of each year, in the county, town, district, or city, where such corporation is located, less the assessed valuation of any real estate located in this state owned by such corporation and listed separately in the name of such corporation. 'Moneyed capital,' as used in this section, shall include money actually invested in the business of such corporation, whether represented by certificates of stock, debentures, or bonds."

The date of assessment above fixed was changed from March 1st to January 1st, by the Session Laws of 1910-11, p. 333.

Applying this statute, it seems clear that, aside from real estate, it is immaterial what property the corporation owned (save and except certain other property referred to in other sections of the statute not material here), the assessment was to be upon the "net value of the moneyed capital, surplus and undivided profits" of the bank. It must be taken as settled by the decision of this court in No. 7912, In re Assessment of First National Bank of Chickasha, 58 Okla. 508, 160 Pac. 469, that so much of the capital stock and surplus of the bank as was invested in public building bonds of the state of Oklahoma was exempt from ad valorem taxation. Whether or not the fixtures were actually bought out of the capital stock, surplus, and

undivided profits, and whether or not such fixtures should be properly classed as a part of the undivided profits, is, we take it, not before us for decision for the reason that the agreed statement of facts shows definitely the exact amount of capital, surplus, and undivided profits of the bank, and that all these funds, not invested in real estate, were invested in public building bonds except $587.36 upon which taxes for 1913 had already been paid. Both the parties and the district and this court are bound by these agreed facts. Under such statement, it is clear that all the taxable assets of the bank had been taxed or were invested in the exempt bonds.

The judgment of the district court is reversed, with directions to set aside the former judgment and enter a judgment in accordance with the prayer of the petition.

By the Court: It is so ordered.