## BOARD OF EQUALIZATION OF KINGFISHER CO. v. PEOPLE'S NAT. BANK OF KINGFISHER.

No. 10693—Opinion Filed Nov. 16, 1920.

(Syllabus by the Court.)

1. **Taxation—Assessment of Banks — Procedure—Property Subject.**

In assessing state or national banks, the assessment is not against the corporation upon its moneyed capital, surplus, and undivided profits, but the tax is levied against the shares of stock in the hands of stockholders, and the officers of the corporation act as the agent of the stockholders, both in listing the shares of stock for taxation and in paying the taxes levied against said shares of stock.

2. **Same—Value of Shares of Stock.**

The shares of stock in a state or national bank are to be assessed at their true value, which may, or may not, coincide with their book value.

3. **Same—Exemption of Amount Invested in Securities.**

In determining the value of shares of stock in a national or state bank for the purpose of taxation, no deduction is to be made on account of the capital of the corporation invested in securities which are exempt from taxation.

Pitchford, J., dissenting.

Error from District Court, Kingfisher County; James B. Cullison, Judge.

Appeal by the Board of Equalization of Kingfisher County from judgment in favor of the People's National Bank in the matter of tax assessment.   Reversed.

W. A. McCartney, for plaintiff in error.

Boynton & Reilly, for defendant in error.

McNEILL, J.   The officers of the People's Bank of Kingfisher, Oklahoma, returned to the assessor of said county an assessment list for the year 1918, showing the capital, stock, surplus, and undivided profits of the bank to be sixty thousand twenty-six ($60,026) dollars, together with a list of the stockholders, the number of shares owned by each stockholder, and the value of each share of stock.   It then asked that there be deducted from the value of the shares the following amounts:

| | |
|---|---|
| Real estate, assessed value | $16,500.00 |
| United States bonds | 31,900 00 |
| Oklahoma state bonds | 5,000.00 |
| Real estate mortgages | 9,650.00 |

—and claim there was nothing to be assessed, as the deductions amounted to more than the value of the shares.   The assessment made deducted the real estate assessed against the bank from the value of the stock,

but failed to deduct the amount invested in the United States bonds, state·bonds, and real estate mortgages. The bank filed a petition with the board of equalization praying for said deductions, which were disallowed, and the bank appealed to the district court.

The district court held that in assessing the shares to the stockholders the value of the stock should have been determined by deducting from the value of the shares of stock the amount that was invested in United States bonds, state bonds, and real estate mortgages. The court then proceeded to cancel the taxes. From said judgment, the board of equalization has appealed.

Since the trial of the case in the district court, this court has passed upon the questions of law that are material to a determination of the case at bar. The following principles of law are now definitely settled in this state, to wit:

First. In assessing state or national banks the assessment is not against the corporation upon its moneyed capital, surplus, and undivided profits, but the tax is levied against the shares of stock in the hands of stockholders, and the officers of the corporation act as the agent of the stockholders, both in listing the shares of stock for taxation and in paying the taxes levied against said shares of stock. Board of Equalization of Oklahoma County v. First State Bank of Oklahoma City, 77 Okla. 291, 188 Pac. 115; Brown v. Hennessey State Bank, 78 Okla. 141, 189 Pac. 355.

Second. "The shares of stock in a state or national bank are to be assessed at their true value, which may, or may not, coincide with their book value." Board of Equalization of Oklahoma County v. First State Bank of Oklahoma City, supra; Brown v. Hennessey State Bank, supra; First Nat. Bank of Junction City v. Tax Commissioner of the State of Kansas, 102 Kan. 334, 170 Pac. 33.

Third. "In determining the value of shares of stock in a national or state bank for the purpose of taxation, no deduction is to be made on account of the capital of the corporation invested in securities which are exempt from taxation." Board of Equalization of Oklahoma County v. First State Bank of Oklahoma City, supra; Brown v. Hennessey State Bank, supra; In re Oklahoma Nat. Life Ins. Co.; 68 Oklahoma, 173 Pac. 376; 45 L. R. A. 757, note; cases cited in 55 L. R. A. (N. S.) 389, note; Home Ins. Co. v. New York, 134 T. S. 594, 10 Sup. Ct. 593, 33 L. Ed. 1025; Palmer v. McMahon, 133 U. S. 660, 10 Sup. Ct. 395, 46 L. Ed. 456; Van

Allen v. Assessors, 3 Wall. 573, 18 L. Ed. 229.

It is unnecessary again to discuss the identical questions that were determined by this court in the former cases. Upon the authority of the above cases the judgment of the lower court will be reversed and remanded, with directions to deny defendant in error any relief, and to reinstate the taxes attempted to be canceled by said judgment.

RAINEY, C. J., and HARRISON, JOHNSON, BAILEY, HIGGINS, and COLLIER, JJ., concur; PITCHFORD, J., dissenting.