**LONGCOR, Co. Treas., v. CENTRAL STATE BANK OF ENID.**

No. 10551—Opinion Filed Feb. 28, 1922.

(Syllabus.)

**1. Taxation—Assessment of Banks — Procedure.**

In assessing state or national banks, the assessment is not against the corporation upon its moneyed capital, surplus, and undivided profits, but the tax is levied against the shares of stock in the hands of stockholders, and the officers of the corporation act as the agent of the stockholders, both in listing the shares of stock for taxation and in paying the taxes levied against said shares of stock.

**2. Same—Valuation of Shares of Stock.**

"The shares of stock in a state or national bank are to be assessed at their true value, which may, or may not, coincide with their book value."

**3. Same—Deduction for Investment in Exempt Securities.**

"In determining the value of shares of stock in a national or state bank for the purpose of taxation, no deduction is to be made on account of the capital of the corporation invested in securities which are exempt from taxation."

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by the Central State Bank of Enid against C. B. Longcor, County Treasurer of Garfield County, to recover amount of taxes, paid under protest. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

S. P. Freeling, Atty. Gen., William H. Zwick, Asst. Atty. Gen., and Ernest F. Smith, Co. Atty. of Garfield County, for plaintiff in error.

W. H. Hills, Guy S. Manatt, and George G. Bowen, for defendant in error.

JOHNSON, J. The record discloses that the officers of the Central State Bank of Enid, an Oklahoma banking corporation, returned to the assessor of said county an assessment list for the year 1918, showing the capital stock and surplus of the bank to be $61,000, together with a list of the stockholders and number of shares owned by each stockholder and the value of each share of stock. It then listed as exemptions from the value of the shares the following amounts: Oklahoma funding bonds, $2,000; banking board warrants, $10,500; Liberty Loan bonds, $48,500; and claimed there was nothing to be assessed, as the deductions amounted to the value of the shares.

The bank paid the first half of the tax under protest, and brought an action in the district court to recover the amount, which was tried before the court without the intervention of a jury, and resulted in a judgment in favor of the plaintiff bank in the sum of $1,765.42, to reverse which this proceeding in error was commenced.

Counsel for plaintiff in error argue in their brief two propositions:

(1) That the trial court erred in overruling the demurrer of the county treasurer to the petition of the bank, for the reason (a) that upon the face of the petition it appears that the petition does not state facts that invest the court with jurisdiction; (b) that the petition fails to state facts which constitute a cause of action in favor of the bank and against the county treasurer.

(2) That in determining the value of the shares of stock of the bank no deductions should be made by reason of the investment by the bank of its capital and surplus in public building bonds, guaranty fund warrants, and Liberty bonds.

In determining this appeal it will only be necessary to consider the latter proposition.

Since the trial of the cause in the district court this court, in the case of Board of Equalization of Kingfisher County v. People's Nat. Bank of Kingfisher, 79 Okla. 312, 193 Pac. 622, has passed upon the questions of law that are material to a determination of the case at bar, wherein the court said:

"The following principles of law are now definitely settled in this state, to wit:

"First. In assessing state or national banks the assessment is not against the corporation upon its moneyed capital, surplus, and undivided profits, but the tax is levied against the shares of stock in the hands of stockholders, and the officers of the corporation act as the agent of the stockholders, both in listing the shares of stock for taxation and in paying the taxes levied against said shares of stock. Board of Equalization of Okla. County v. First State Bank of Oklahoma City, 77 Okla. 291, 188 Pac. 115; Brown v. Hennessey State Bank, 78 Okla. 141, 188 Pac. 355.

"Second. The shares of stock in a state or national bank are to be assessed at their true value, which may or may not coincide with their book value.' Board of Equalization of Oklahoma County v. First State Bank of Oklahoma City, 77 Okla. 291, 188 Pac. 115; First Nat. Bank of Junction City v. Tax Commissioner of State of Kansas. 102 Kan. 334. 170 Pac. 33, L. R. A. 1918C, 986.

"Third. 'In determining the value of shares of stock in a national or state bank for the purpose of taxation, no deduction is to be made on account of the capital of the corporation invested in securities which are exempt from taxation.' Board of Equalization of Oklahoma County v. First State Bank of Oklahoma City, 77 Okla. 291, 188 Pac. 115; Brown v. Hennessey State Bank, 78 Okla. 141, 189 Pac. 355; In re Oklahoma National Life Ins. Co., 68 Oklahoma, 173 Pac. 376, 45 L. R. A. 757, note; cases cited in 55 L. R. A. (N. S.) 389, note; Home Ins. Co. v. New York, 134 U. S. 594, 10 Sup. Ct. 593, 33 L. Ed. 1025; Palmer v. McMahon, 133 U. S. 660, 10 Sup. Ct. 324. 33 L. Ed. 772; Van Allen v. Assessors, 3 Wall. 573, 18 L. Ed. 220."

The questions here involved are identical with the questions there decided, and upon the authority of that case and the cases cited therein the judgment of the trial court is reversed, and the cause remanded to the district court to proceed further herein in accordance with the views herein expressed.

HARRISON, C. J., and KANE, MILLER, and KENNAMER, JJ., concur.