## In re ASSESSMENT OF WALTERS NATIONAL BANK OF WALTERS.

No. 14915—Opinion Filed June 17, 1924.

Rehearing Denied Sept. 16, 1924.

**1. Taxation — Taxation of Bank Shares—Deductions—Real Estate Owned by Bank.**

In assessing the value of shares of stock in a national bank for purposes of taxation the assessed value of real estate owned by the bank is to be deducted therefrom under the provisions of section 2, ch. 203, Sess. Laws 1919, and section 2, ch. 94, Sess. Laws 1921, but such real estate so allowed to be deducted is real estate lawfully acquired and held as authorized by Comp. Stat. 1921, sec. 4150 (Rev. Laws 1910, sec. 293), and no presumption will be indulged that residence lots and farming lands claimed as deductions were so acquired and held, but the burden of showing the right to such deductions must be sustained by proof, if the right is questioned.

**2. Same—Property Subject—Deductions—Public Building Bonds.**

Under the provisions of section 7318, Rev. Laws 1910, as amended by section 4, ch. 107, Sess. Laws 1915, banks were assessed and taxed on the value of their shares of stock, and shareholders were not entitled to have deducted from the assessed value of such shares the value of public building bonds owned by the bank because such deduction was not authorized by that act. (Board of Equalization of Oklahoma County v. First State Bank of Oklahoma City, 77 Okla. 291, 188 Pac. 115.) But by section 1, ch. 94, Sess. Laws 1921, the law was amended so as to expressly authorize the deduction of the value of such bonds owned by the bank from the assessed valuation of such shares of stock.

**3. Statutes — Construction — Presumptions—Validity.**

In the construction of a legislative enactment which is assailed as being unconstitutional a strong presumption exists in favor of its constitutionality, except in cases involving the rights, privileges, and immunities of the citizen.

**4. Taxation—Bank Shares — Deductions — Validity of Act.**

Section 2, ch. 94, Sess. Laws 1921, is not repugnant to sections 5 and 8, art. 10, Const., requiring that all taxes shall be uniform on the same class of subjects and that ad valorem taxes shall be based on fair cash value, nor is it in conflict with section 50, art. 5,

and section 6, art. 10, Const., prohibiting and limiting exemption from taxation, for the reason that public building bonds are not property within the purview of these tax provisions, but are instrumentalities of government properly within the legislative power to exempt.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Cotton County; Thomas A. Edwards, Assigned Judge.

This proceeding was commenced in the District Court of Cotton County by appeal from the ruling of the Board of Equalization of Cotton County refusing to allow any deductions from the assessed valuation of the shares of stock of the Walters National Bank for the year 1923. Judgment sustaining the action of the board of equalization, to reverse which this proceeding in error has been brought by the Walters National Bank as plaintiff in error. Affirmed in part and reversed in part.

In 1923 the Walters National Bank of Walters, Okla., returned its assessment for taxation to the county assessor of Cotton county showing its capital stock to consist of 500 shares of the par value of $100 each, and that its surplus and undivided profits amounted to $3,458.31. As deductions it claimed the assessed valuation of certain real estate owned by the bank in the sum of $13,415; $2,200 invested in Federal Reserve Bank stock and $40,000 invested in public building bonds of the state. Upon hearing before the board of equalization the claimed deductions were disallowed by the board, and the assessed valuation of the shares of stock was fixed by the board of equalization at $51,543.31. From this order an appeal was taken to the district court where the claim of deduction for Federal Reserve Bank stock was abandoned by the bank, and upon hearing had in the district court September 12, 1923, the action of the board of equalization was sustained, and after unsuccessful motion for new trial plaintiff in error has brought the case here for review.

Dudley B. Madden and Walter Hubbell, for plaintiff in error.

J. W. Brooks, for board of equalization.

Opinion by LOGSDON, C. This proceeding involves the correctness of the action of the board of equalization of Cotton county in disallowing certain deductions claimed by the Walters National Bank as agent for its shareholders from the assessed valuation of the shares of its capital stock held by them. The district court sustained the action of the board, and the bank appealed.

First to be considered is the action of the board in disallowing the claimed deductions for the value of real estate owned by the bank and situated in Comanche, Cotton, and Pushmataha counties, aggregating in value $13,415. It is elementary that laws exempting property from taxation are to be strictly construed, and this is essentially true in this state by reason of constitutional inhibitions.

Assuming, without deciding, that the Legislature had the right to direct, as it did by section 2, ch. 203, Sess. Laws 1919, and by section 2, ch. 94, Sess. Laws 1921, that the value of all real estate owned by the bank, which might be separately assessed and taxed, should be deducted from the value of shares of stock assessed to the shareholders, it must be further assumed that the legislative intent was that such real estate should be legally held and owned by the bank. By Comp. Stat. 1921, sec. 4150 (Rev. Laws 1910, sec. 293), it is provided:

"A bank may purchase, hold and convey real estate for the following purposes: First, such as shall be necessary for the convenient transaction of its business, including its furniture and fixtures, but which shall not exceed one-third of the paid-in capital; second, such as shall be conveyed to it in satisfaction of debts previously contracted in the course of its business; third, such as it shall purchase at sale under judgment, decree or mortgage forclosures, under securities held by it; but a bank shall not bid at any such sale a larger amount than enough to satisfy its debts and costs. Real estate shall be conveyed under the corporate seal of the bank and the hands of its president or vice president and cashier. No real estate acquired in the cases contemplated in the second and third subsections above shall be held for a longer time than five years. It must be sold at a private or public sale within thirty days thereafter."

The section is almost a literal copy of U. S. Comp. Stat. 1913, sec. 9674. It is self-evident that farming lands in Comanche, Cotton, Pushmataha counties and residence lots in Walters could not be "necessary for the convenient transaction" of the bank's business in Walters. Since the claimed deductions amounted to an exemption pro tanto in favor of the shareholders on the assessed value of their shares of stock, and since farm lands and residence lots are not "necessary for the convenient transaction" of the bank's business, it was incumbent on them, when the right to deduction was questioned, to show that the investments were legally made and held by the bank. The president of the bank, who was its only witness, seemed to resent the efforts of the board of equalization to obtain information as to the legality of these real

estate investments. On his cross-examination the following appears:

"Q. How long has the bank owned that property? A. I don't know. Q. About how long? A. I don't know. Q. Has it been two years? A. I don't know. * * * Q. Now, how did the bank acquire the property in Comanche county? A. I don't know that that cuts any figure—we own it and paid for it, and are paying taxes on it." (C.-M. p. 17.)

No effort was made to show that these real estate holdings of the bank were in conformity to the provisions of section 4150, supra, or authorized by United States statutes. Under such circumstances the board of equalization was not authorized to grant the claimed deductions for real estate owned by the bank, and the judgment of the trial court on this branch of the case was correct.

The second question presented involves the correctness of the action of the board of equalization in disallowing the claim of deduction from the assessed valuation of the shares of stock of the value of public building bonds of the state owned by the bank. It is not contended by the board that these bonds are subject to taxation in the hands of a holder. The contention is that they, being owned by the bank, cannot legally be deducted from the assessed valuation of bank shares owned by and assessed to individual stockholders. This brings directly in question the constitutionality of section 1, ch. 94, Sess. Laws 1921, and this is the only question presented and argued on this branch of the case. The trial court held the act unconstitutional, and sustained the action of the board.

Constitutionality of the act under which these bonds were issued and their exemption from taxation authorized is no longer an open question in this state. In re Assessment of First National Bank of Chickasha, 58 Okla. 508, 160 Pac. 469; Miami Trust & Savings Bank v. Botts, Co. Treas. 61 Okla. 154, 160 Pac. 727; In re First State Bank of Oklahoma City. 68 Okla. 88, 171 Pac. 864; Bretz, Co. Treas.. v. El Reno State Bank, 71 Okla. 283 177 Pac. 362.

In the Chickasha Bank Case, in determining the constitutionality of the act authorizing the exemption of these bonds, Justice Sharp said:

"When a state issues its bonds in conformation to law in order to raise money to accomplish and carry out a governmental purpose, the instruments issued by it for that purpose are instrumentalities of government. Such obligations constitute the means resorted to by the state to effectuate the powers of governmment. * * * Thus interpreted, the state building bonds, constituting. as they do, obligations of the state for the payment of money, and being an exercise of the borrowing power, and a use of the state's credit, do not constitute property within the meaning of section 50, art. 5, of the Constitution; and hence the statutes exempting such bonds from taxation do not contravene the constitutional limitation against exemption from taxation."

At the time of the decision in the case of First National Bank of Chickasha there was no provision of law expressly authorizing the deduction, but this court, after determining in that case that the act of February 18 1910, as amended by the act of March 15, 1911, was constitutional, simply declared that the contract between the state and the bank for the exemption of these bonds extended to and embraced the shareholders within its terms. This latter question was not again before this court until it was presented in the case of Board of Equalization of Oklahoma County v. First State Bank of Oklahoma City, 77 Okla. 291, 188 Pac. 115. At the time the Chickasha Bank Case arose section 4, ch. 107, Sess. Laws 1915, was in force, and that was the statute considered by the court in reaching the conclusion that shareholders were entitled to the deduction. That section, so far as material here, reads: .

"All corporations organized, existing or doing business in this state for profit, other than public service corporations assessed by the State Board of Equalization, including national banks, state banks and trust companies, shall be assessed upon the net value of their moneyed capital, suplus and undivided profits, as the same existed on the first day of January of each year. in the county, town, district or city, where such corporation is located. less the assessed valuation of any real estate located in this state owned by such corporation and listed separately in the name of such corporations. 'Moneyed capital,' as used in this section, shall include money actually invested in the business of such corporation, whether represented by certificates of stock, debentures or bonds.

"Every bank located within this state, whether such bank has been organized under the banking laws of this state or any other territory or state, or of the United States, shall be assessed and taxed on the value of their shares of stock therein in the county, town, district, village or city, where such bank or banking association is located and not elsewhere, whether such stockholders reside in such place or not. Such shares shall be listed and assessed with regard to the ownership and value thereof as they existed on the first day of

January annually, subject, however, to the restriction that taxation of such shares shall not be a greater rate than is assessed upon any other moneyed capital in the hands of individual citizens of this state, in the county, town, district, village or city where such bank is located. The shares of capital stock of national banks not located in this state, held in this state shall not be required to be listed under the provisions of this act. In each such bank there shall be kept at all times a full and correct list of the names and residences of its stockholders, and of the number of shares held by each; which list shall be subject to the inspection of the officers authorized to assess property for taxation; and it shall be the duty of the assessor to ascertain a correct list of the names and residences of all stockholders in any such bank, with the number and assessed value of all such shares held by each stockholder and enter the total value of the same on his tax list, in the corporate name of such bank or corporation and file the list of stockholders with the county clerk."

In the case of Board of Equalization v. First State Bank of Oklahoma City, supra, this court again considered the provisions of the above quoted section and receded from the last conclusion announced in the Chickasha Bank Case. After reviewing numerous authorities Chief Justice Owen announced the conclusion that the assessment in that case should have been against the shares of stock without deduction for exempt bonds and warrants owned by the bank. He said:

"The statute does not authorize a deduction on such account, and, without such provision, no such deduction can be allowed. The case of Assessment of First Nat. Bank of Chickasha, 58 Okla. 508, 160 Pac. 469, in so far as it is in conflict with the views here expressed is overruled. This is not to hold that the **public building** bonds and guaranty fund warrants are taxable; that question is not presented in this case and is not passed upon."

However, Justice Owen had previously, in the case of Bretz, Co. Treas., v. El Reno State Bank. supra. directly considered the question of the legality of the exemption from taxation of these public building fund bonds. That was the principal question presented in the Bretz Case, and the Chickasha Bank Case was expressly followed on this question.

The opinion in the First State Bank Case was handed down March 9, 1920, and has been followed by this court in Brown, Co. Treas., v. Hennessey State Bank, 78 Okla. 141 189 Pac. 355; Board of Equalization v. Peoples Nat. Bank of Kingfisher. 79 Okla. 312, 193 Pac. 622; In re Assessment Trades-

men's State Bank, 82 Okla. 74, 198 Pac. 479; Longcor, Co. Treas., v. Central State Bank of Enid, 85 Okla. 108, 204 Pac. 1099.

It thus appears that from October 10, 1916, when the opinion in the Chickasha Bank Case was handed down, until March 9, 1920, when the opinion in the case of First State Bank of Oklahoma City was handed down, the law of this state was recognized to be as stated in the former opinion; in 1919 the Legislature amended section 4, ch. 107, Sess. Laws 1915, by providing that the value of real estate owned by the bank, which might be separately assessed and taxed, should be deducted from the assessed value of the shares of stock assessed against the stockholders. (Sess. Laws 1919, ch. 203, sec. 2.) This amendment, together with the construction announced in the Chickasha Bank Case, was evidently considered by the Legislature to be all that was required to make the act conform to the legislative intention and to be in harmony with U. S. Rev. Stat., sec. 5219, which reads:

"Nothing herein shall prevent all the shares in any association from being included in the valuation of personal property, of the owner of such shares in assessing taxes imposed by the authority of the state within which the association is located, but the legislature of each state may determine and direct the manner and place of taxing all the shares of national banking associations located within the state, subject only to the two restrictions, that the taxation shall not be at a greater rate than is assessed upon the moneyed capital in the hands of individual citizens of such state, and that the shares of any national banking association owned by nonresidents of any state, shall be taxed in the city or town where the bank is located."

That this must have been the view taken by the Legislature in 1919 is evident from the fact that at its first session after the decision in the case of First State Bank of Oklahoma City it amended section 2, ch. 203, Sess. Laws 1919, by inserting the additional provision that from the assessed valuation of the shares of stock there should be deducted 'such portion thereof as is invested in any bonds issued against the public building fund, issued under the authority of chapter 89 of the Session Laws of Oklahoma, 1911, being Senate Bill No. 198, of said session," thus putting into statutory form the legislative intention declared by Justice Sharp to have been within the spirit of the 1915 act. Whatever ambiguity may have existed in the prior enactments, and whatever doubt may have been indulged as to the correctness of the court's interpretation

of the legislative intent as expressed by Justice Sharp in the Chickasha Bank Case, there is no longer any doubt as to what the Legislature intended by the 1921 amendment. Its language is clear and explicit, and nothing is left open for construction so far as legislative intent is concerned.

Is the 1921 amendment a constitutional exercise of legislative power?

A strong presumption exists in favor of the constitutionality of legislative enactments, except in cases where the rights, privileges, and immunities of the citizen are involved. A court approaches the consideration of such question with the knowledge that two of the three co-ordinate branches of the government—the legislative and executive—have already considered and approved the enactment, and the presumption attaches that they have performed that duty within constitutional limitations.

Counsel for the Board opens his argument against the constitutionality of the amendments of 1919 and 1921 by quoting section 9574. Comp. Stat. 1921, and section 50, art. 5, Const. He then says:

"Manifestly the acts of the Legislature of 1919 and 1921 are unconstitutional and void, they being in contravention of the Constitution of the state."

In support of this proposition he cites and quotes from Board of Equalization of Oklahoma County v. First State Bank of Oklahoma City, supra. He also relies on the authorities cited in the opinion. But it must be borne in mind that Justice Owen in that case was considering an assessment for the year 1918, to which he applied the 1915 act. All of the authorities cited in that opinion are based upon statutes silent as to specific deductions. just as the 1915 act, then under consideration. was silent. In re Oklahoma Nat. Life Ins. Co., 68 Okla. 219, 173 Pac. 376: First Nat. Bank of Ossining v. Board of Assessors. 182 N. Y. 460, 75 N. E. 306; Home Ins. Co. v. New York. 134 U. S. 594, 33 L. Ed. 1025: Palmer v. McMahon. 133 U. S. 662, 33 L. Ed. 772; Cleveland Trust Co. v. Lander, 184 U. S. 112 36 L. Ed 456; Van Allen v The Assessors, 3 Wall. 573, 18 L. Ed. 229.

In 1919, for the first time, the Legislature provided for a specific deduction from the assessed value of bank shares in the hands of stockholders. This deduction was for real estate owned by the bank and separately assessed and taxed. This deduction had always been allowed in practice, even before this amendment, and its incorporation

into the statute was evidently to conform to the provisions of U. S. Rev. Stat. sec. 5219. The validity of this particular amendment has never been directly called in question in any reported case, and is not involved here by reason of the conclusion already reached on the first proposition. However, this provision is in conformity with the general rule, and has been recognized by this court incidentally in at least one case as being a valid deduction, and therefore a valid exercise of legislative power. In re Assessment Tradesmen's State Bank, supra.

The act under which the public building fund bonds were issued (Sess. Laws 1910, ch. 16, as amended by Sess. Laws 1910-11, ch. 89) provided:

"Any bank, trust, or insurance company, organized under the laws of this state. may invest its capital and surplus in bonds issued under the provisions of this act. * * Said bonds shall be nontaxable for any purpose."

At the time of the issuance of bonds under this act the law of this state was such that all corporations, including banks, were taxed upon the same basis; i. e., on the net value of their capital, surplus, and undivided profits, less real estate separately assessed and taxed. (Rev. Laws, 1910, sec. 7318.) This continued to be the law until the amendment of 1915 was adopted, and under the law as it existed up to that time banks were assessed on the value of their capital, surplus, and undivided profits, less the value of their real estate, and less the value of the public building bonds owned by them, just as all other corporations were assessed. This is the law today as to all corporations organized for profit, except state and national banks.

The classification of property for purposes of taxation is not repugnant to the Constitution so long as the taxes are uniform upon the same classes of property. nor is all property required to be taxed on an ad valorem basis, notwithstanding the language of sections 5 and 8, art. 10, Const. In re Oklahoma Nat. Life Ins. Co., 68 Okla. 219, 173 Pac. 376; In re Amazon Fire Ins. Co.. 67 Okla. 312, 173 Pac. 655; In re Exchange Oil Co., 80 Okla. 52, 193 Pac. 999; In re Chickasha Cotton Oil Co., 80 Okla. 101, 194 Pac. 217. Illustrative of these holdings are the acts creating the gross production tax, the mortgage registration tax, and the automobile license tax. The exemption from taxation of the public building bonds is not an exemption of property in violation of section 50, art. 5, and section 6, art. 10. Const., because

these are instrumentalities of government. In re Assessment First Nat. Bank of Chickasha, supra; Miami Trust & Savings Bank v. Botts, Co. Treas., supra; In re First State Bank of Oklahoma, City, supra; Bretz, Co. Treas., v. El Reno State Bank, supra.

With the wisdom or policy of the law this court has nothing to do and is not concerned, so long as the Legislature has clearly expressed its intention within the limits of the fundamental law. In the 1921 act the Lgislature has expressed its intention in clear and unequivocal language, and within the limits of the taxing power as defined by the Constitution and the interpretation thereof by this court. This law has received the approval of the Chief Executive of the state. It is the duty of this court to uphold all constitutional enactments as written, where the spirit and the letter of the law coincide.

It is therefore concluded that the assessed valuation of the shares of stock in the instant case should have been upon the actual value thereof, less the amount of public building bonds in which the capital of the bank was invested, and that in denying this claimed deduction the trial court erred. The judgment of the trial court should therefore be reversed, with directions to enter a judgment in conformity with the views herein expressed.

By the Court: It is so ordered.