## BOARD OF EQUALIZATION of MUSKOGEE COUNTY v. EXCHANGE NAT. BANK of MUSKOGEE.

## EXCHANGE NAT. BANK of MUSKOGEE v. BOARD of EQUALIZATION of MUSKOGEE COUNTY.

Nos. 14879 and 14874, Consolidated—Opinion Filed Nov. 12, 1924.

### 1. Taxation—Banks—Taxation of Shares—Deductions—Public Building Bonds.

Under the provisions of section 7318, Rev. Laws 1910, as amended by section 4, ch. 107, Sess. Laws 1915, banks were assessed and taxed on the value of their shares of stock, and shareholders were not entitled to have deducted from the assessed value of such shares the value of public building fund bonds owned by the bank, because such deduction was not authorized by that act. (Board of Equalization of Oklahoma County v. First State Bank of Oklahoma City, 77 Okla. 291, 188 Pac. 115.) But by section 1, ch. 94, Sess. Laws 1921, the law was amended so as to expressly authorize the deduction of the value of such bonds owned by the bank from the assessed valuation of such shares of stock.

### 2. Statutes—Construction—Presumption of Validity.

In the construction of a legislative enactment which is assailed as being unconstitutional a strong presumption exists in favor of its constitutionality, except in cases involving the rights, privileges, and immunities of the citizen.

### 3. Taxation—Assessment of Bank Stock—Deduction of Public Building Bonds—Constitutionality of Act.

Section 1, ch. 94, Sess. Laws 1921, is not repugnant to sections 5 and 8, art. 10, Const., requiring that all taxes shall be uniform on the same class of subjects and that ad valorem taxes shall be based on fair cash value, nor is it in conflict with section 50, art. 5, and section 6, art. 10, Const., prohibiting and limiting exemption from taxation, for the reason that public building fund bonds are not property within the purview of these tax provisions, but are instrumentalities of government properly within the legislative power to exempt.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

From a judgment of the district court of Muskogee county sustaining the action of

the board of equalization in refusing to allow certain deductions from the taxable value of its shares of stock for the year 1921 the Exchange National Bank has brought this proceeding in error, with which there has been consolidated by order of this court a proceeding in error brought by the board of equalization of Muskogee county from a judgment of the district court reversing the action of such board in denying to the Exchange National Bank certain deductions from the assessed value of its shares of stock for the year 1922. Affirmed.

In 1921, the Exchange National Bank of Muskogee rendered its property for taxation showing a capital stock of $400,000, from which it deducted the assessed value of real estate owned by it, and claimed a further deduction of $60,000 from the valuation of such shares of stock by reason of its investment of that amount of its capital in public building fund bonds of the state. The board of equalization denied the claimed deduction for the value of the public building fund bonds, and the bank appealed from such action to the district court.

In 1922 the same bank rendered the same property for taxation and claimed the same deductions as for the year 1921. The board of equalization took similar action in reference to the deduction for capital invested in public building fund bonds and the bank appealed from this action to the district court.

Both cases came on for trial at the same time in the district court and were tried together on May 7, 1923; resulting in a judgment in favor of the Exchange National Bank in cause No. 14879 relating to the 1922 assessment, and in favor of the board of equalization in cause No. 14874, relating to the 1921 assessment. From the judgment so entered proceedings in error have been perfected to this court and upon motion the causes were consolidated here. The same question is involved in each of the cases and a decision in one is controlling as to the other, except that in cause No. 14874 the additional contention is made that if the Act in question is valid then its provisions should be held to apply to the 1921 assessment as well as to that of 1922.

Wm. A. Green and Graham Moore, for Board of Equalization.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for Exchange National Bank.

Opinion by LOGSDON, C. These consolidated cases involve a construction of chapter 94, Sess. Laws 1921, and are controlled by the recent decision of this court In re Assessment of the Walters National Bank of Walters, Oklahoma, 100 Okla. 155, 228 Pac. 953, in which rehearing was denied September 16, 1924, Paragraphs 2, 3, and 4 of the syllabus in that case are adopted as the syllabus in the instant cases, which results in the affirmance of the judgment of the trial court in each of the instant cases, unless the additional question raised in No. 14874 necessitates a reversal of that case.

The additional question raised in cause No. 14874 herein is as to whether the act of March 30, 1921 (ch. 94, Sess. Laws 1921), operated to deduct from the assessed valuation of its shares of stock for the year 1921 the value of public building fund bonds owned by the bank January 1 of that year. The act in question was approved March 30, 1921, and became effective thereafter on July 1, 1921. It is urged by the bank that by reason of the known slow processes in the assessment and equalization of property for taxation in this state the Legislature contemplated that the act would become effective before those processes were completed, and that it was therefore intended that its provisions should apply to the 1921 assessment.

It is significant in considering this contention that there is no apt language in the act from which such an intention may be inferred, and that no emergency clause was enacted. The Legislature is presumed to have known the provisions of Comp. Stat. 1921, secs. 9669 and 9671, which require the assessor to deliver his lists and the board of equalization to meet on the first Monday in June of each year, and that the board is authorized to act on complaints in a summary manner. Notwithstanding this presumptive knowledge the Legislature provided expressly in this act that "the tax against such share or shares shall be and remain a lien thereon from January first in each year." There is not only a lack of apt language to give the act a retrospective operation, but the words "and remain a lien thereon" are apt words to express the continuance of a lien which had already attached at the date of the enactment.

In the case of Good et al. v. Keel et al., 29 Okla. 325, 116 Pac. 777, the rule here applicable is thus stated in the second paragraph of the syllabus:

"Statutes are to be construed as having a prospective operation unless the purpose and intention of the Legislature to give them a retrospective effect is expressly declared or is necessarily implied from the language used. In every case of doubt the doubt must

be resolved against the retrospective effect."

It is therefore concluded that the judgments of the trial court in each of the consolidated cases are correct and should be in all things affirmed.

By the Court: It is so ordered.