### COMANCHE COUNTY et al. v. AMERICAN NAT. BANK OF LAWTON.

No. 16914—Opinion Filed Dec. 21, 1926.

Rehearing Denied Jan. 25, 1927.

(Syllabus.)

**1. Taxation—Classification of Property— Validity—Bank Stock as Separate Class.**

Classification of property for purposes of taxation is a legislative function, and when such classification is not based upon an invidious or unreasonable distinction, it will not be interfered with by the courts, and shares of stock in banks and banking associations may be made a separate class for such taxation purposes.

**2. Same — Constitutional Requirements— Uniformity.**

Classification of property for purposes of taxation is not repugnant to the Constitution so long as the taxes are uniform upon the same classes of property.

**3. Same—Discrimination in Assessment of Bank Stock—Burden of Proof.**

"Moneyed capital in the hands of the individual citizens" includes money invested in private banking enterprises, investments of individuals in securities that represent money at interest, and other evidences of indebtedness such as normally enter into the banking business, and where a discrimination in the assessing of shares of stock in a bank for taxation is claimed in violation of section 9607, Comp. Stats. 1921, the burden of proving such discrimination is upon the person alleging it.

Error from District Court, Comanche County; A. S. Wells, Judge.

From an order of the Equalization Board of Comanche County overruling protest of American National Bank of Lawton to assessment of taxes, the bank appealed to district court. The district court reduced the assessment, and the county brings error. Reversed and remanded.

W. T. Dixon, County Attorney, and H. N. Whalin, Assistant County Attorney, for plaintiffs in error.

Freeling & Howard and Stevens & Cline, for defendants in error.

PHELPS, J. For the year 1924 the county assessor of Comanche county, after making the proper deductions for the real estate belonging to it, assessed the stock, surplus, and undivided profits of the American National Bank of Lawton, defendant in error herein, at its face value. The bank protested the assessment to the equalization board upon the grounds that other property, real and personal, in the county was assessed at less than its actual cash value. The equalization board overruled the protest, and the bank appealed to the district court of Comanche county, which, after hearing evidence, entered its judgment and order directing that the capital stock, surplus, and undivided profits of the bank be assessed at 65 per cent. of its face value in order to harmonize and equalize its assessment with the values placed upon other property in the county. From this order and judgment, the county appeals to this court.

It was the contention of the bank in its protest and at the trial in the district court, and it so contends here, that other property, real and personal, in Comanche county, was assessed at a valuation not to exceed 50 per cent. of its fair cash value, but said bank offered to agree to an assessment on the basis of 65 per cent. of the value of its capital stock, surplus, and undivided profits, less proper deductions for its real estate. The bank introduced considerable evidence to show that other property, real and personal, in the county was assessed at approximately 50 per cent. of its fair cash value. The trial court was of the opinion that the bank had been unjustly discriminated against in violation of the Constitution of the United States and the Constitution and the laws of the state of Oklahoma, ordered the valuation upon the tax rolls to be reduced, and that said taxes be computed upon a basis of 65 per cent. of the face value of its capital stock, surplus, and undivided profits, less the proper deductions, in order that this valuation would be on a substantial quality with that of other taxable property in the county.

The evidence offered by the bank to show that it had been discriminated against consisted of testimony as to the valuation, for taxation, of real and personal property in Comanche county, but there was no evidence offered or contention made that its bank stock was assessed higher, in proportion, than any other bank stock and securities, or other evidences of indebtedness that enter into the banking business. Neither was any contention made that the bank stock was not worth the amount for which it was assessed.

The taxation of shares of stock of banks has been provided for in section 9607, Comp. Stats. 1921, as follows:

"Every bank located within this state, whether such bank has been organized under the banking laws of this state, or any other territory or state, or of the United States, shall be assessed and taxed upon the actual value of the shares of stock therein, in the county, town, district, village, or city where such bank or banking association is located, whether such stockholders reside in such place or not, less such portion thereof as is invested in any bonds issued against the public building fund, issued under the authority of chapter 89 of the Session Laws of Oklahoma, 1911, being Senate Bill No. 198, of said session, and less such portion thereof as is invested in real estate situated in this state, which may be separately assessed and taxed. Such shares shall be listed and assessed with regard to the ownership and value thereof as they existed, on the first day of January, annually, subject, however, to the restriction that taxation of such shares shall not be at a greater rate than is assessed upon any other moneyed capital in the hands of the individual citizens of the state, in the county, town, village or city where such bank is located. * * *"

This case depends for decision on the settlement of two questions raised by defendant in error: First, is moneyed capital a reasonable classification for taxation purposes? Second, does the record show that the bank stock was assessed for taxation purposes at a greater rate than other moneyed capital is assessed at within the terms of the statute above quoted?

Classification of property for taxation purposes is a legislative function, and when such classification is not based upon an invidious or unreasonable distinction, it will not be interfered with by the courts. Board of Commissioners of Oklahoma County v. Ryan, 107 Okla. 278, 232 Pac. 834. The shares of stock in banking institutions have inherent characteristics that so differentiate them from all other kinds of taxable property as to take them out of ordinary methods of taxation and place them in a class by themselves for legislation, if such legislation in other respects complies with constitutional requirements. These peculiar characteristics are inherent in the shares of bank stock because of the unique nature of the business from which both their status as property and their value as such are derived. That which constitutes the property of the shareholder and its value is not derived, as in other businesses, from the production of wealth, such as manufacturing, farming or commerce, but from dealing directly in the

medium of exchange itself, money, by which the value of all other kinds of property is measured and adjudged, whether for the purpose of exchange or for those of taxation. This peculiar importance and distinction amply justifies the classification of such property into a class by itself for the purpose of constutional legislation with respect to its assessment and taxation. In re Walters National Bank, 100 Okla. 155, 228 Pac. 953; Cooley on Taxation (4th Ed.) vol. 3, sec. 976, page 1962. In re Walters National Bank, supra, it is held that:

"The classification of property for purposes of taxation is not repugnant to the Constitution so long as the taxes are uniform upon the same classes of property. nor is all property required to be taxed on an ad valorem basis, notwithstanding the language of sections 5 and 8, art. 10, Const. In re Oklahoma Nat'l. Life Ins. Co., 68 Okla. 219, 173 Pac. 276, 13 A. L. R. 174; In re Amazon Fire Ins. Co., 67 Okla. 312, 173 Pac. 655; Exchange Oil Co. v. State, 80 Okla. 52, 193 Pac. 999; In re Chickasha Cotton Oil Co., 80 Okla. 101, 194 Pac. 217."

This latter, well-established holding of this court answers the contention of the appellee that this statute, supra, is violative of section 8, article 10, of the Constitution.

The restriction laid down by the statute under consideration applies to "moneyed capital in the hands of individual citizens." These words have been very generally defined in accordance with the definition of the Supreme Court of the United States, construing the act of Congress providing for such taxation, in the case of Merchants National Bank v. City of Richmond, 256 U. S. 635, 65 Law Ed. 1135, wherein Mr. Justice Pitney said:

"In the amended form the provision was carried into the Revised Statutes as section 5219, which prescribes that state taxation of shares in the national banks 'shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state.'

"By repeated decisions of this court, dealing with the restriction here imposed, it has become established that while the words 'moneyed capital in the hands of individual citizens' do not include shares of stock in corporations that do not enter into competition with the national banks, they do include something besides shares in banking corporations and others that enter into direct competition with those banks. They include not only moneys invested in private banking, properly so called, but investments of individuals in securities that represent money at interest and other evidences of indebtedness such as normally enter into the business of

banking. In Evansville Nat. Bank v. Britton, 105 U. S. 322, 324, 26 L. Ed. 1053, 1054, the court said: 'The act of Congress does not make the tax on personal property the measure of the tax on bank shares in the state, but the tax on moneyed capital in the hands of the individual citizens. Credits, money loaned at interest, and demands against persons or corporations, are more purely representative of moneyed capital than personal property, so far as they can be said to differ. Undoubtedly there may be much personal property exempt from taxation without giving bank shares a right to similar exemption, because personal property is not necessarily moneyed capital. * * * ' "

Also see First National Bank v. City of Hartford (Wis.) 203 N. W. 721; Cooley on Taxation (4th Ed.) vol. 3, section 999, page 2000.

There is no evidence in the record that the shares of stock of this appellee have been assessed at a greater rate than other property coming within the definition of "moneyed capital in the hands of individual citizens" above set forth. The appellee, by claiming a discrimination, assumed the burden of proving it. New York ex rel. Amoskeag Sav. Bank v. Purdy, 231 U. S. 373, 58 Law Ed. 274. In this they have wholly failed, as the record shows there is no evidence of a discrimination within the terms of the statute.

The defendant in error has placed much reliance upon the case of Sioux City Bridge Company v. Dakota County, Nebraska, 260 U. S. 441, 67 Law Ed. 340, and has urged that said case is decisive of the questions raised here. In that case the Bridge Company complained because its property, a bridge, was assessed at its true value, while other property in the district was assessed at 55 per cent. of its true value. On appeal to the Supreme Court, Chief Justice Taft, in writing the opinion, held that this was a violation of the 14th Amendment to the Federal Constitution, and ordered the lower court to revise the valuation of the bridge for the purpose of taxation. This case is not in point, as it does not involve the consideration of two distinct classifications of property for taxation purposes, as the case at bar, and therefore the rule there laid down is not app'icable.

The judgment of the trial court is reversed, with directions to enter a judgment in conformity with the views herein expressed.

All the Justices concur.

Note.—See under (1) 12 C. J. p. 891, §390; p. 1130, §855: 37 Cyc. pp. 746, 747; anno. 60 L. R. A. 346; 26 R. C. L. p. 250; 4 R. C.