## In re DIEHR.

No. 26200.    Oct. 22, 1935.

Clearman & Ford, for p'aintiff in error.

Lewis Morris, County Atty., B. C. Logsdon, Asst. County Atty., for Jim Bodine, County Assessor of Oklahoma County.

GIBSON, J.   This appeal involves the judgment of the district court of Oklahoma county in an agreed controversy filed in said court by Oscar N. Diehr and certain officials of Oklahoma county as authorized by sections 403 to 405, inclusive, O. S. 1931.

Oscar N. Diehr will be hereinafter referred to as plaintiff, and the county officials as defendants.

The proceedings were instituted for the purpose of determining the constitutionality of chapter 72, S. L. 1927, now sections 12339 to 12344, inclusive, O. S. 1931. From the judgment of the trial court declaring the act in all respects constitutional, the plaintiff has appealed.

Five questions of law were presented to the trial court for its determination, all of which were determined adversely to plaintiff's contention, and the court's decision on each of said questions is assigned as error

These assignments are argued to this court under three propositions. They will be considered and disposed of in the order of their presentation.

The first proposition follows:

Is money, certificates of deposit, or other evidence thereof, as scheduled in chapter 72, S. L. 1927, a subject fit for classification for taxation purposes under section 22 of article 10 of the Constitution of Oklahoma, and is the language sufficient within itself to classify the said money, certificates of deposit, or other evidence thereof?

The sections of the statutes pertinent to this question are as follows:

Section 12339, Okla. Stats. 1931:

"That hereafter money shall not be subject to ad valorem or other tax as personal property nor to any form of tax other than as herein provided."

Section 12340, Okla. Stats. 1931:

"There is hereby levied in lieu of existing law a tax at the rate of one-fifth ($\frac{1}{5}$) of one per cent. (1%) on all moneys, certificates of deposit, or other evidence thereof, of any individual, copartnership or corporation, building and loan association, joint stock association or trust association in this state on the first day of January of each calendar year whether such money is in the personal custody of such owner or on deposit in any bank, trust company, building and loan association or other depository of money; provided, however, the provisions of this act shall not apply to moneyed capital in this state coming in competition with the state and national banks as defined in the Act of Congress of March 4, 1924, nor to certificates of stocks or evidence of deposit issued by building and loan associations and held by depositors and certificate holders, but shall apply to the undistributed cash of such association."

Section 22, article 10, of the Constitution provides:

"Nothing in this Constitution shall be held or construed to prevent the classification of property for purposes of taxation and the valuation of different classes by different means or methods."

It has been uniformly held by this court

that the classification of property for purposes of taxation lies largely within the range of legislative discretion. In the case In re Gross Production Tax of Wolverine Oil Co., 53 Okla. 24, 154 P. 362, in the fifth and sixth paragraphs of the syllabus we held:

"The power of the Legislature to distinguish, select, and classify objects of taxation has a wide range of discretion. While the classification must be reasonable, and not arbitrary, there is no precise application of the rule of reasonableness, and there cannot be an exact exclusion or inclusion of persons or things. This right is expressly recognized in section 22, art. 10 of the Constitution, which provides that nothing therein shall be held or construed to prevent the classification of property for purposes of taxation and the valuation of different classes by different means or methods. * * *

"To justify judicial interference, the right to classify being a legislative function, the classification adopted must be based on an invidious and unreasonable distinction with reference to the subject of the tax. Unless this appears, the court will not declare the classification void, though it may not approve its terms, or may question the wisdom of its enactment."

See, also, Board of Com'rs v. State Board of Equalization, 155 Okla. 183, 8 P. (2d) 732 736, and cases cited. Section 36, art. 5, provides that: "The authority of the Legislature shall extend to all rightful subjects of legislation." All the decisions of this court dealing with the subject of taxation recognize the fact that the taxing power is one of the highest attributes of the legislative branch of the state government and its power to tax extends to all rightful subjects of taxation. In re Gross Production Tax Wolverine Oil Co., supra; In re Assessment First National Bank, 58 Okla. 508, 160 P. 469.

The act in question places "money" in a class by itself for purposes of taxation. The first section, 12339, refers only to money, while the second section, 12340, includes with moneys, "certificates of deposit, or other evidence thereof." Ordinarily money on deposit in a bank does not belong to the depositor, but merely represents a debt owing by the bank to the depositor, and the certificate of deposit or other evidence of deposit, such as the ordinary deposit slip issued by the bank, do not constitute money within the strict meaning of the term. The sections must be construed together. Meads et al. v. Human, 84 Okla. 82, 202 P. 797. It then becomes apparent that the Legislature intended to, and did by the act, classify certificates of deposit and other evidence of deposit under the one general term of "moneys." The context of the act clearly reveals that the term "money," as therein used, was not to be limited to its narrower meaning of cash or legal tender, but a meaning should be applied thereto so as to include the specific property named in the act. 40 C. J. 1489. Certificates of deposit are usually classified as money for purposes of taxation. Cooley, Taxation (4th Ed.) vol. 3, sec. 1156.

After having accomplished a certain classification, the Legislature is not prevented from employing different means or methods in arriving at the valuation of such class of property for purposes of taxation than may be employed in arriving at the valuation of property in other classifications, Section 22, art. 10, Constitution, supra. In levying the tax, the only constitutional requirement to be observed as to uniformity applies to the different properties of the same class and does not apply as between the several classes. This is expressed in section 5, art. 10, Constitution, as follows:

"Taxes shall be uniform upon the same class of subjects."

Whether or not a certain classification of property for purposes of taxation meets with the constitutional requirements presents questions as to the similarity of the properties c'assified and the value thereof as fixed for the levy of the tax.

It is consistently held by this court that, on account of the uniformity clause of the Constitution, the classification must be reasonable and not arbitrary, capricious, or invidious. Re Gross Production Tax Wolverine Oil Co., supra; Board of Commissioners v. State Board of Equalization, supra, and cases there cited. None of these authorities is informative as to what elements must be present or absent in a classification to render it unreasonable or to distinguish it as reasonable. If the Legislature should include in one classification different properties wholly unlike in character, dissimilar in all respects as to value, location, method of production, and use, such classification may well be termed unreasonable. The word "classification" in its general sense embodies in its meaning the thought or element of a systematic segregation of related objects into distinct divisions or groups. Subjects of taxation, where classified with due regard to their similarity and relationship, must be taxed upon a uniform basis. Section 5, art. 10, Constitution, supra. This statement, after due consideration of the de-

cisions of this court upon the subject, includes all constitutional restrictions upon the Legislature in matters pertaining to assessment and levy for general revenue taxation. In re Gross Production Tax of Wolverine Oil Co., supra; Board of Commissioners v. State Board of Equalization, supra, and cases there cited. Assessment need not be based upon the fair cash value of the property taxed in order to constitute uniform taxation. The amount of the tax upon the property of each particular class may be measured by other means. Section 8, art. 10, Constitution, providing that "all property which may be taxed ad valorem shall be assessed for taxation at its fair cash value," does not require that all property shall be so assessed.

In the case In re Assessment of Oklahoma National Life Ins. Co., 68 Okla. 219, 173 P. 376, this court held as follows:

"While many states have constitutional provisions requiring that property shall be taxed ad valorem, this state has none unless the section last quoted (sec. 8, art. 10, Const.) should be so construed. That such is not the meaning of that section is quite clear to us. It is simply a prohibition against undervaluation of property when it is taxed ad valorem, and is not a requirement that it shall be taxed by that method. Property may be valued as a means of measuring the amount of the tax thereon, but the tax may be measured by other means; for example, by the income from the property. Specific taxes may be imposed on property by the head, number, weight or other measurement."

The fifth paragraph of the syllabus of that case is as follows:

"Article 10, sec. 8 (Williams, sec. 273), of the Constitution does not require that all property shall be taxed ad valorem, but only that property shall be assessed at its fair cash value, estimated at the price it would bring at a fair voluntary sale, when it is taxed ad valorem."

See, also, In re Amazon Fire Ins. Co., 67 Okla. 312, 173 P. 655; In re Gross Production Tax of Exchange Oil Co., 80 Okla. 52, 193 P. 999; In re Chickasha Cotton Oil Co., 80 Okla. 101, 194 P. 215; In re Walters National Bank, 100 Okla. 155, 228 P. 953; Comanche County v. American Natl. Bank, 122 Okla. 34, 252 P. 408; Board of Commissioners v. State Board, etc., 155 Okla. 183, 8 P. (2d) 732.

Money is a distinct species or character of property and may well be the proper subject of classification. When the money is classified, the Legislature is then apparently unlimited as to the means and methods it may employ in arriving at the valuation thereof for purposes of taxation. The tax levied thereon need only be uniform upon all property properly classified as money. We may not be concerned with the character of means and methods used in arriving at the amount of tax levied. That is wholly a matter for legislative determination.

We therefore hold that money as designated in the act in question is a proper subject of classification, and that said act is not violative of any of the provisions of the Constitution.

Proposition 2 follows:

Does the classification of money separately from other property offend against sections 46 and 50, article 5, of the Constitution?

These sections provide as follows:

Section 46. "The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing: * * * Exempting property from taxation."

Section 50: "The Legislature shall pass no law exempting any property within this state from taxation, except as otherwise provided in this Constitution."

We have held that money as designated in the act in question is the proper subject of classification for purposes of taxation and that the tax therein provided for is uniform and satifies the requirements of the Constitution. Therefore, no property has been exempted from taxation within the meaning of the constitutional provisions.

Plaintiff's third proposition follows:

Does chapter 72, S. L. 1927, violate section 19 of article 10 of the Constitution, in that the purpose for which the tax is levied is not sufficiently set forth?

Section 19, article 10, provides:

"Every act enacted by the Legislature, and every ordinance and resolution passed by any county, city, town, or municipal board or local legislative body, levying a tax shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose."

The portion of section 4, chapter 72, S. L. 1927 (section 12342, O. S. 1931), relating to the purposes for which the tax is levied is as follows:

"The tax provided for in this act, is hereby levied and collected for the following specific purposes, to wit:

"First, for the general fund of the county in which such tax is paid, one-half (½) of such amount collected.

"Second, for aid of the common schools of the county in which such tax is paid, one-half (½) of such amount collected.

"Provided, that it shall be the duty of the county treasurer of each county, in apportioning the one-half (½) apportioned for the use of the common schools, to apportion same upon a per capita basis, based upon the number of children of scholastic age in each and every school district in said county."

We can find no fault with this portion of the act. It sufficiently states the purpose of the levy, and the apportionment therein directed is in accord with the purpose expressed. The above section and section 4 of the Gross Production Tax Law of 1915 (S. L. 1915, p. 180, c. 107) are substantially alike as to their provisions. This court in the case In re Gross Production Tax of Wolverine Oil Co., supra, held that the act sufficiently stated the purpose of the tax levy and was not repugnant to section 19, article 10, of the Constitution.

The judgment of the trial court is affirmed in accord with the provisions of section 405, O. S. 1931.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.