# CENTRAL LIGHT & FUEL CO. v. STATE BOARD OF EQUALIZATION.

No. 4127. Opinion Filed September 28, 1915.

(151 Pac. 1170.)

1. **TAXATION—Equalization—Appeal—Trial de Novo.** In the statutes of this state providing for appeals from the action of the Board of Equalization to the Supreme Court there is no provision for preserving the evidence taken in contested proceedings before that board and certifying the same to this court, and because thereof appeals taken from that board must be tried **de novo** in this court.

2. **APPEAL AND ERROR—Review—Finding of Referee—Approval.** Where a cause is referred to a referee to hear and determine the same, and to report his findings of fact and conclusions of law, the report will be approved, unless it is apparent that there is not sufficient evidence to sustain the findings, and that a manifest injustice will result from the approval of the report.

(Syllabus by Robberts, C.)

*Error from State Board of Equalization;*
*R. E. Gish, Referee.*

The assessed value of the property of the Central Light & Fuel Company, a corporation, for the year 1912, was raised by the State Board of Equalization, and the Company brings error.    Affirmed.

*Stuart & Cruce,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., for defendant in error.

Opinion by ROBBERTS, C.   This case comes here on appeal from the action of the State Board of Equalization at its session on the 1st day of May, 1912, at which time it raised the assessed valuation of the property of the Central Light & Fuel Company, a corporation, for the year 1912, from $116,648.88 to $173,697.88.   For convenience, the corporation will be designated herein as plaintiff in error, and the State Board of Equalization the defendant in error.

Under the rule laid down by the Supreme Court in *Re Western Union Telegraph Company,* 29 Okla. 483, 118 Pac. 376, there is no provision in the act providing for appeals from the action of the State Board of Equalization to the Supreme Court for preserving the evidence heard by the board and certifying the same to this court, and this case was tried *de novo* before a referee duly appointed by the court, with directions to report his findings of fact and conclusions of law.

Within the time required by law the plaintiff in error filed its exceptions to the action of the defendant in error and served notice of appeal to this court.

The record shows that this case was filed in this court on the 25th day of June, 1912.   On the 27th day of April, 1915, the court entered an order appointing R. E. Gish as referee to hear the evidence and report his findings of facts and conclusions of law to this court,

which was accordingly done, on the 22d day of July, 1915. The report of the referee affirmed the action of the defendant in error in every particular.

To the report of the referee counsel for plaintiff in error filed exceptions. More than two months have passed since the report of the referee, with exceptions attached, was filed, and no briefs or arguments have been filed or submitted; in fact, counsel for plaintiff in error stated to the writer hereof that they did not intend to file briefs.

We have carefully examined the record, including the report of the referee, and are of the opinion that the findings of fact are fully supported by the evidence, and we find no error in the conclusions of law reported.

The report of the referee should be approved, and the action of the State Board of Equalization affirmed.

By the Court: It is so ordered.