## In re ASSESSMENT OF CHICKASHA COTTON OIL CO.

No. 10668—Opinion Filed Nov. 9, 1920.

Rehearing Denied Jan. 7, 1921.

(Syllabus by the Court.)

**1. Taxation — Ad Valorem Tax — Constitutional Requirement.**
The Constitution does not require property to be taxed upon an ad valorem basis.

**2. Same — Forms of Taxation — Power of Legislature.**
The Legislature may substitute one form of taxation for another.

**3. Same—Exemptions of Property.**
The Legislature is without authority to exempt property from taxation other than what is enumerated in the Constitution.

**4. Same — Exemption of Farm Products — Validity of Statute.**
Section 1, ch. 44, Sess. Laws 1915, exempts raw products from ad valorem taxation, but provides that the same shall be subject to the income tax laws of the state. Held, that the Legislature has exempted this class of property from taxation in the hands of persons not subject to the payment of an income tax without substituting another form of taxation thereon, and for that reason does violence to section 50, art. 5, of the Constitution, which prohibits the Legislature from exempting property from taxation except as provided in the Constitution.

**5. Taxation — Situs of Property—Corporate Property.**
Real estate is always taxed in this state in the taxing district where situated. When a taxpayer is doing business in more than one county in the state, the property and credits existing in any one of the counties are to be listed and taxed in that county. In case of a local corporation, the value of the real estate and the value of its property and credits existing in counties other than the county where the corporation is located must be deducted from the net value of the moneyed capital, surplus, and undivided profits as basis for assessment in the county where it is located. Section 7330, Rev. Laws 1910; section 4, art. 1, ch. 107, Sess. Laws 1915; section 7318, Rev. Laws 1910; section 1, ch. 203, Sess. Laws 1919.

Error from District Court, Grady County; Will Linn, Judge.

Action to determine the valuation of corporate property of the Chickasha Cotton Oil Company for taxation purposes. Reversed and remanded.

Wm. Stacey, for Grady County.

Bond, Melton & Melton, for Chickasha Cotton Oil Company.

James B. Diggs, Rush Greenslade, and C. C. Herndon, amici curiae.

HIGGINS, J. This company for the year 1918 rendered to the assessor of Grady county its property for taxation, showing that out of its capital and profits it had invested in raw products of the value of $3,169,364. It is claimed by the company that under section 1, ch. 44, Sess. Laws 1915, raw products are exempt from taxation. This section is as follows:

"All property in this state, whether real or personal, including the property of corporations, banks and bankers, except such as is exempt, shall be subject to taxation; provided, that no farm products while remaining in the raw state, such as cotton, corn, wheat, oats and the like, shall be subject to an ad valorem tax, but be subject to the income tax laws of the state."

The trial court held that the raw products were exempt from taxation and deducted the value of the same from the net value of the moneyed capital, surplus, and undivided profits of the company subject to taxation, as a basis for assessment in the county where it was located.

It is contended by the county that the portion of section 1, supra, exempting raw products from taxation does violence to section 50, art. 5, of the state Constitution, which is as follows:

"The Legislature shall pass no law exempting any property withis. (within) this state from taxation, except as otherwise provided in this Constitution."

The Constitution does not exempt raw products from taxation. It is therefore clear and plain from the above section that the Legislature is without authority to exempt raw products from taxation; consequently the exemption portion of section 1 must fall unless saved by the provision subjecting raw products to the income tax laws of the state. For a discussion of the power of the

Legislature to exempt property from taxation where the same is prohibited by the Constitution of the state, see 37 Cyc. 887, together with the footnotes to the same.

The Constitution does not require that property be taxed upon an ad valorem basis. The Legislature may substitute another form of taxation. In re Wolverine Oil Co., 53 Okla. 24, 154 Pac. 362; In re Oklahoma Nat. Life Ins. Co., 68 Oklahoma, 173 Pac. 376. The question now arises, Did the Legislature in exempting raw products from taxation substitute another form of taxation by which all raw products would be taxed and made help support the burdens of government?

Under section 1, supra, raw products in the hands of one paying an income tax are subject to taxation under our income tax laws, but if in the hands of one not paying an income tax, then they are exempt from taxation, regardless of the amount or value of same. It proposes to tax raw products in the hands of one class, but not in the hands of another class. The Legislature in exempting raw products from ad valorem taxation failed to substitute another form of taxation for same in the hands of those not paying an income tax under our state income tax laws.

We therefore must hold that that portion of section 1, supra, exempting raw products from taxation is unconstitutional for the reason that the Legislature in exempting the same from ad valorem taxation failed to substitute another form of taxation by which all the property exempted would be taxed.

This company was the owner of personal property situated in various counties of the state. The trial court held that the personal property was not subject to tax in the various counties where situated, but that the tax imposed on the net moneyed capital, surplus, and undivided profits stood in lieu thereof. Both sides claim that this is error. When a taxpayer is doing business in more than one county in the state, the property and credits existing in any one of the counties are to be listed in that county. Section 7330, Rev. Laws 1910. In case of a local corporation the value of its real estate and the value of its property and credits existing in counties other than in the county where the corporation is located, must be deducted from the net value of its moneyed capital, surplus, and undivided profits, as a basis for assessment in the county where it is located. Section 7330, Rev. Laws 1910; section 4, art. 1, ch. 107, Sess Laws 1915; section 7318, Rev. Laws 1910; section 1, ch. 203, Sess. Laws 1919.

We find no error in the trial court refusing to deduct from the moneyed capital, surplus, and profits the tax due the federal government as a basis for assessment. In re Oklahoma Nat. Life Ins. Co., supra; 37 Cyc. 1015.

Neither do we find error in the court hearing evidence at the trial other than is shown by the transcript as to what took place before the board of equalization. In re Western Union Tel. Co., 29 Okla. 483, 118 Pac. 376; In re Osage & Okla. Gas Co., 35 Okla. 154, 128 Pac. 692; Central Light & Fuel Co. v. State, 51 Okla. 407, 151 Pac. 1170.

We find no error in the trial court holding that money of a corporation, a part of its moneyed capital, surplus, and profits actually invested in the business of the corporation, is not exempted from assessment for the reason the same is on deposit in a bank situated in some other state. Section 7306, Rev. Laws 1910; 37 Cyc. 809.

The record in this case indicates that the trial court held that the capital stock and undivided profits of the company constituted the basis for fixing the value of its property for taxation purposes. If so, this is error. The moneyed capital of a corporation means more than its capital stock. It includes all the money actually invested in the business, and the method for finding the net value of its moneyed capital, surplus, and profits is set forth In re Oklahoma Nat. Life Ins. Co., supra.

The cause is reversed and remanded.

RAINEY, C. J., and PITCHFORD, JOHNSON, McNEILL, and COLLIER, JJ., concur; HARRISON, J., concurs in the conclusion, but dissents as to law as set forth in syllabus 1.