## STATE v. PIONEER MILLS.

No. 17205—Opinion Filed July 27, 1926.

Rehearing Denied Oct. 26, 1926.

(Syllabus.)

1. **Taxation—Validity of Territorial Statute Exempting Cotton Factories—Duration of Exemption.**

The Act of the Oklahoma Territorial Legislature approved March 10, 1899, entitled "An act to encourage the industry of cotton manufacture in the territory of Oklahoma," was not violative of either the Act of Congress, Revised Statutes, section 1899 (7 Fed. Stat. Ann. 262) ; the Act of Congress of July 30, 1886 (24 Stat. L. 170) ; or the Oklahoma Territorial Organic Act of May 2. 1890 (26 Stat. L. 81). When the Pioneer Mills located its cotton fabric manufacturing plant under said act in the city of Guthrie in 1906, the conditions and considerations of said act were met on which a valid contractual exemption from taxation arose for ten years, and same was not impaired by the change from territorial to state government; but the exemption expired in 1916.

2. **Same—Unconstitutionality of State Statute.**

The Act of the Legislature of the state of Oklahoma passed in 1915, now found at section 9578, C. O. S. 1921, is violative of the Constitution of the state (sec. 6, art. 10 and sec. 50, art. 5), and gave to the defendant in error, Pioneer Mills, no exemption from taxation for the years 1917 to 1924, both inclusive.

Error from County Court, Logan County; A. H. Boles, Judge.

In the matter of alleged omitted assessment for taxation of property of the Pioneer Mills. Judgment for the Pioneer Mills, and the State brings error. Reversed, with instructions.

Geo. W. Partridge, Co. Atty. of Logan Co., and R. W. Stoutz, for plaintiff in error.

Fred W. Green and Dale, Bierer & Hoyland, for defendant in error.

BRANSON, V. C. J. Error is presented herein from the county court of Logan county, Okla. The Pioneer Mills, a corporation (under the name of Pioneer Cotton Mills,

corporation), located at Guthrie and engaged in the manufacture of cotton fabrics in the year 1906. Acting under the statute authorizing placing of omitted property upon the tax rolls, in the year 1925, the county treasurer of Logan county caused notices to be served upon the said Pioneer Mills that it would be permitted on a certain date to show cause why its property, in the form of a cotton mill, should not be placed upon the tax rolls of said county at a valuation stated from the year 1908 to 1916, both inclusive, and from the year 1917 to 1924, both inclusive. Responding to these said notices, the Pioneer Mills objected to the threatened action of the county treasurer on the ground that its property was not subject to taxation during the years 1908 to 1916, inclusive, or from 1917 to 1924, inclusive. To support its first grounds of objection it set up the Act of March 10, 1899 (Laws 1899, c. 18), passed by the Oklahoma Territorial Legislature entitled, "An Act to encourage the industry of cotton manufacture in the territory of Oklahoma." This act provided:

"That any person, firm or corporation engaging in the business of spinning, weaving and manufacturing cotton fabrics in the territory of Oklahoma be and they are hereby exempted from all taxation of any kind or character upon their buildings, plant, machinery, stock and capital used wholly in such business for the period of 10 years from the date of the location of such plant."

It also set up section 6 of article 10 of the Constitution of the state of Oklahoma, which, among other things, provided:

"All property not herein specified now exempt from taxation under the laws of the territory of Oklahoma shall be exempt from taxation until otherwise provided by law."

This avails defendant in error nothing, for its exemption expired by law in 1916.

That the property herein sought to be taxed. to wit, the cotton mill, was constructed when said act of the territorial Legislature was apparently in full force and effect and the operation was begun in January, 1907, is not in dispute. As a defense to the intended assessment for the years 1917 to 1924, both inclusive, the Pioneer Mills set up the said act of the territorial Legislature and said provision of the Constitution of Oklahoma and an act of the Legislature of the state of Oklahoma passed in 1915 and which is now section 9578, C. O. S. 1921. This last named act provided:

"All property, both real and personal, used exclusively for the manufacture of cotton by carding, spinning, or weaving in cloth or other manufactured products and all monies invested or loaned and used in or for the operation or carrying on of such business is hereby exempted from taxation by the state of Oklahoma or any taxing authority therein for a period of ten years from and after the passing and approval of this act."

There are two questions: (1) Was the property subject to taxation from 1908 (which was the first tax year after statehood) to 1916, inclusive? (2) Was it taxable for the years 1917 to 1924, inclusive?

The first question depends upon the validity of said territorial statute. The second depends upon the validity of the said act of the Legislature of the state of Oklahoma passed in 1915.

We think the first contention made by the plaintiff in error is disposed of by a brief statement of the rule invoked by the defendant in error. Defeated only by constitutional inhibitions (in the instant case by the act of Congress governing territories), the Legislature has the right to select subjects for taxation purposes and to classify the same. This is likewise true for exemption purposes, when exemptions are not fixed by the Constitution. as in this state. In each case, if the act is general in its application to all subjects falling within the class, it ordinarily meets with no constitutional provisions rendering the act invalid.

Before statehood there was in effect the Act of Congress codified in Revised Statutes, sec. 1899, 7 Fed. Stats. Ann. 262, as follows:

"(Legislature not to grant special charters.) The legislative assemblies of the several territories shall not grant private charters or special privileges, but they may, by general incorporation acts, permit persons to associate themselves together as bodies corporate for mining, manufacturing and other industrial pursuits, and for conducting the business of insurance, banks of discount and deposit (but not of issue), loan, trust, and guaranty associations, and for the construction or operation of railroads. wagon roads, irrigating ditches, and the colonization and improvement of lands in connection herewith, or for colleges, seminaries, churches, libraries, or any other benevolent, charitable, or scientific association."

There was also in effect the Act of Congress of July 30, 1886, 24 Stat. L. 170, 7 Fed. Stats. Ann. 264, 265, as follows:

"Sec. 1. (Legislatures not to pass certain local or special laws.) That the Legislatures of the territories of the United States now or hereafter to be organized shall not pass local or special laws in any of the following enumerated cases, that is to say: * * * Granting to any corporation, association, or individual any special or exclusive privilege, immunity, or franchise whatever "

The Oklahoma Organic Act of May 2, 1890, 26 Stat. L. 81, 7 Fed. Stat. Ann. 282, in section 6 thereof, says:

"Sec. 6.    (Legislative power—enactment of law.)    That the legislative power of the territory shall extend to all rightful subjects of legislation **not inconsistent with the Constitution and laws** of the United States. * * *"

The said Act of 1899 of the territorial Legislature was not prohibited by the provisions of the act of Congress governing territories relied on by the plaintiff in error, for that said act drawn in question made no specific or exclusive exemptions, or, in other words, was not made applicable to any specific institution solely, but was general in its nature and application.

The defendant in error, the Pioneer Mills, acted upon the validity of said act by building its cotton mill, and thereupon a contractual relation arose which could not be changed by the transition from territorial government to state constitutional government.    Guthrie Daily Leader v. Cameron, 3 Okla. 677, 41 Pac. 635; Pryor v. Bryan, 11 Okla. 357, 66 Pac. 348; Foster v. Pryor, 189 U. S. 325; Benett v. Nichols (Ariz.) 80 Pac. 392; In re Gross Production Tax of Wolverine Oil Co., 53 Okla. 24, 154  Pac. 362; In re Indian Territory Illuminating Oil Co., 43 Okla. 307, 142 Pac. 997; In re National Bank of Walters, 100 Okla. 155, 228 Pac. 953; In re Assessment of the First National Bank of Chickasha, 58 Okla. 508, 160 Pac. 469.

The case particularly relied upon by the plaintiff in error is Berryman v. Board of Trustees (U. S.) 56 L. Ed. 225.   This case is not applicable to a statute such as the Act of 1899, supra, for that it deals with an act of the Legislature of the territory of Washington granting to Whitman College, and it alone, specific exemption from taxation and perpetual succession as a corporation. The turning point in that decision is the language used therein as follows:

"That a contract giving perpetual succession to a corporation and endowing it with a perpetual exemption from taxation as to all its property real and personal is 'an especial privilege' seems to us too clear for anything but statement."

The statute in that case was not general in its nature, but was a special statute and fell under the inhibition of Congress, supra.

The plaintiff in error admits in its brief that if the Act of 1899, supra, is held to have been within the power of the territorial Legislature, the act of the defendant in error in locating its plant created a contract

exemption which is protected by other constitutional provisions.   This admission on the part of the plaintiff in error and our conclusion that the said Act of 1899 was not violative of the acts of the national Congress, supra, makes further discussion of the nontaxability of the property in question from 1908 to 1916, both inclusive, unnecessary.

We reach the conclusion that the judgment of the county court holding that the property of the defendant in error was not subject to taxation for the years 1917 to 1924, both inclusive, was erroneous.  This holding of the county court was based upon the Act of the Legislature of 1915 (Sess. L. 1915, p. 396 sec. 9578, C. O. S. 1921), which is quoted above.    This act of the Legislature is violative of the Constitution of the state in this, to wit:    That section 6 of article 10 provides that certain property is exempted from taxation.    The property here in question does not fall in the classes there named. The concluding part of said section provides:

"The Legislature may authorize any incorporated city or town by a majority vote of its electors voting therein to exempt manufacturing establishments and public utilities from municipal taxation for a period not exceeding five years, as an inducement to their location."

Section 50 of article 5 (Williams' Oklahoma Constitution) provides:

"The Legislature shall pass no laws exempting any property in this state from taxation except as otherwise provided in this Constitution." .

The class of property here sought to be exempted does not fall within the provision of section 6, supra, and the closing part of said section operates to exclude any power of the Legislature to grant any exemption from taxation to institutions such as here otherwise than as provided therein.   There is nothing in the instant case that indicates that under an act of the Legislature the city of Guthrie had by a majority vote of electors exempted the Pioneer Mills from municipal taxation for five years or any other period of time.

We conclude that by reason of the Act of the territorial Legislature of 1899, as quoted above, and the location of the Pioneer Mills by reason of said act, created a contractual exemption for a period of ten years, which included the year 1916; that its property was thereafter subject to taxation under the Constitution and laws of the state.

The judgment of the county court of L.

gan county is reversed. with directions to enter judgment affirming the holding of the county treasurer in placing the property on the tax rolls for the year 1917 to 1924, both inclusive, and to enter judgment holding the property in question exempt from taxation up to and including the year 1916.

HARRISON, MASON. LESTER, HUNT, and RILEY, JJ., concur.