2006 OK CIV APP 53

**SAVE AD VALOREM FUNDING FOR STUDENTS, an unincorporated association, Plaintiff/Appellant,**

v.

**The OKLAHOMA DEPARTMENT OF ENVIRONMENTAL QUALITY, The Kay County Assessor, and The Oklahoma Tax Commission, Defendants,**

and

**The State Board of Equalization and Conoco Phillips Company, Defendants/Appellees.**

**No. 102,678.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 23, 2005.

Certiorari Denied April 17, 2006.

Marjorie McCullough Galt, Traci Ballard, Oklahoma City, OK, for Plaintiff/Appellant.

Cara S. Nicklas, Oklahoma City, OK, for Defendant, Oklahoma Tax Commission.

Honorable Drew Edmondson, Attorney General, Lynn C. Rogers, Assistant Attorney General, Oklahoma City, OK, for Defendant/Appellee, Oklahoma State Board of Equalization.

William K. Elias, Linda Jo Blan–Byford, Elias, Books, Brown & Nelson, P.C., Oklahoma City, OK, for Defendant/Appellee, ConocoPhillips Company.

Opinion by CAROL M. HANSEN, Judge:

¶1 Plaintiff/Appellant, Save Ad Valorem Funding for Students (SAVE), an unincorporated association, seeks review of the trial court's summary determination that 68 O.S.Supp.2004 §§ 2817(E) and 2817.3, which provide for the exclusion of the value of an oil refinery's investment in desulphurization equipment from the capitalization used in determining fair market value for ad valorem tax purposes, are constitutional. We reverse, holding the statutes violate the Oklahoma Constitution, Article 5, § 50, and Article 10, § 8, because they create an ad valorem tax exemption and allow tangible personal property to be assessed for ad valorem taxation at less than ten percent of its value without the voters' approval.

¶2 SAVE sued the Oklahoma Department of Environmental Quality (DEQ), the Kay County Assessor (Assessor), the Oklahoma Tax Commission (OTC), the State Board of Equalization (SBOE), and Conoco Phillips Company (Refinery), seeking a declaratory judgment that 68 O.S.Supp.2004 §§ 2817(E) and 2817.3 are in conflict with the Oklahoma Constitution. It alleged its membership included more than 300 school districts, the Oklahoma Council for Oklahoma School Administration, the Oklahoma State School Boards Association, and the Organization of Rural Oklahoma Schools. SAVE alleged its pecuniary interests were injured by application of the statute because ad valorem taxes provide funding for public schools. In particular, it alleged Refinery had received an assessment exclusion on $100,754,780.00 of its capital investment in desulphurization property, and that property was not assessed for ad valorem tax purposes.

¶3 Assessor answered, stating she had complied with the statutes, but took no position as to their constitutionality, stating she was without knowledge to admit or deny the allegations in the petition. The remaining defendants filed motions to dismiss instead of answering. SBOE and DEQ filed a joint motion to dismiss, asserting the petition failed to state a claim upon which relief may be granted because the statutes were not unconstitutional. They also asserted they should be dismissed because they were not necessary parties. Refinery moved to dismiss on the grounds the petition failed to state a claim upon which relief may be granted because the statutes were constitutionally valid exercises of the Legislature's power to classify property and prescribe methods of valuation for purposes of ad valorem taxation. OTC moved to dismiss on the grounds it was not a necessary party and there was no justiciable controversy because the Legislature had the power to exempt desulphurization property from taxation. SAVE responded and objected.

¶4 At hearing on the motions to dismiss, the trial court sought clarification as to the issues before the court. The parties agreed they intended for the trial court to reach the merits of the constitutionality of the challenged statutes, as well as the standing and necessary party issues, and that its ruling would be dispositive of the case. The trial court found SAVE had standing to bring the action and OTC and SBOE were proper parties defendant. It dismissed DEQ as a party.[1] It denied OTC's motion to dismiss based on the standing and necessary party issues. The trial court granted the motions to dismiss of Refinery and SBOE based on its finding the challenged statutes, 68 O.S.Supp.2004 §§ 2817(E) and 2817.3, were constitutional.

---

1. Refinery's motion to dismiss was based solely on the constitutionality issue, not on whether it was a proper party defendant. Assessor did not participate in the hearing and the trial court made no finding as to whether it was a proper party defendant.

¶ 5 SAVE appeals without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla. Sup.Ct. R. 1.36, 12 O.S.Supp.2003, Ch. 15, App. 1. The trial court's ruling was in effect a summary disposition of SAVE's request for declaratory judgment, and disposed solely of questions of law. Therefore, we will review the trial court's decision under a *de novo* standard. *Robinson v. Texhoma Limestone, Inc.*, 2004 OK 50, 100 P.3d 673, 675.

¶ 6 In considering a statute's constitutionality, our role is limited to a determination of the validity or invalidity of the legislative provision. We will not concern ourselves with the statute's propriety, desirability, wisdom, or practicality. It is the Legislature's role to declare Oklahoma's fiscal policy, limited only by specific constitutional prohibitions. We will indulge every presumption in favor of the constitutionality of a statute. If it is subject to two interpretations, only one of which is constitutional, we are bound to give the statute an interpretation that will render it constitutional. A party challenging the constitutionality of a statute has a heavy burden of showing constitutional infirmity beyond a reasonable doubt. *Fent v. Oklahoma Capitol Improvement Auth.*, 1999 OK 64, 984 P.2d 200, 204.

¶ 7 The Legislature has plenary power to tax, subject only to constitutional restrictions and the will of the people expressed through elections. *In re Oneok Field Services Gathering, LLC*, 2001 OK 116, 38 P.3d 900, 903. The Oklahoma Constitution authorizes the Legislature to classify property for purposes of taxation and to provide for the valuation of different classes by different means or methods. OKLA. CONST. Art. 10, § 22. However, it prohibits the Legislature from passing any law exempting property from taxation except as otherwise provided in the Constitution. OKLA. CONST. Art. 5, § 50.[2] The Oklahoma Supreme Court has interpreted these sections together to mean that the Legislature may not grant ad valorem tax exemptions not recognized by the Constitution, but it may withdraw a class of property from ad valorem taxation if it substitutes another form of taxation. *In Re Gross Production Tax of Wolverine Oil Co.*, 1915 OK 792, 154 P. 362.[3] For example, the gross production tax is a tax on minerals in lieu of ad valorem tax. *Id.*,[4] and 68 O.S.Supp.2005 § 1001(R).

¶ 8 In *In Re Assessment of Chickasha Cotton Oil Co.*, 1920 OK 339, 194 P. 215, the Court considered the constitutionality of a statute substituting an income tax for ad valorem tax on raw farm products. It reasoned that the Constitution does not exempt raw products from taxation, and therefore the statutory exemption must fail unless the Legislature otherwise provided for all raw farm products to be taxed. Because raw products were not subject to taxation if they were in the hands of one not paying an income tax, the Court concluded the ad valorem tax exemption for raw products was unconstitutional. *Id.* at 216. The Court also has struck down an ad valorem tax exemption for cotton mills as violative of Art. 5, § 50. *State v. Pioneer Mills*, 1926 OK 652, 250 P. 120.

¶ 9 If the Legislature does not provide a substitute tax, property is taxed ad valorem. Article 10, § 8 specifies that except as otherwise provided in Article 10,

---

2. We note that the issue of amending the Oklahoma Constitution Article 10 to exclude pollution control property from ad valorem taxation was put to a vote of the people on November 3, 1998. It failed.

3. See also *Home–Stake Production Co. v. Bd. of Equalization of Seminole Co.*, 1966 OK 115, 416 P.2d 917, 922 ("The Constitution, Art. V § 50, forbids legislative exemption of any property from taxation other than property enumerated under Constitution, Art. X § 6. The Legislature may substitute one form of taxation for another, since there is no positive requirement that property be taxed upon an ad valorem basis.").

4. *Wolverine Oil* was overruled in *In re Skelton Lead & Zinc Company's Gross Production Tax for 1919*, 1921 OK 121, 197 P. 495, 498, which held that the gross production tax was a property tax, but in *Apache Gas Products Corp. v. Okla. Tax Com'n*, 1973 OK 34, ¶ 18, 509 P.2d 109, 113–114, and *Samson Hydrocarbons Co. v. Okla. Tax Com'n*, 1998 OK 82, 976 P.2d 532, 536 n. 5, the Oklahoma Supreme Court specifically recognized that *Wolverine Oil*, not *In re Skelton*, accurately stated Oklahoma law that the gross production tax is a tax in lieu of property taxes.

[A]ll property which may be taxed ad valorem shall be assessed for taxation as follows:

1. Tangible personal property shall not be assessed for taxation at less than ten percent (10%) nor more than fifteen percent (15%) of its fair cash value, estimated at the price it would bring at a fair voluntary sale;

2. Real property shall not be assessed for ad valorem taxation at a value less than eleven percent (11%) nor greater than thirteen and one-half percent (13.5%) of its fair cash value for the highest and best use....

This section is "a prohibition against undervaluation of property when it is taxed ad valorem." *In re Diehr,* 1935 OK 1015, 50 P.2d 725, 728. While the Legislature may specify valuation means and methods, it may not mandate the undervaluation of property when taxing based on value. It may avoid the restriction of Art. 10, § 8 by taxing based on a measurement other than value, such as income from the property. *Id.*

¶ 10 The statutes under challenge in this case are part of the Ad Valorem Tax Code, 68 O.S.2001 § 2801 et seq. Section 2817(E) provides,

The value of investment in property used exclusively by an oil refinery that is used wholly as a facility, device or method for the desulphurization of gasoline or diesel fuel as defined in Section 2817.3 of this title shall not be included in the capitalization used in the determination of fair market value of such oil refinery if such property would qualify as exempt property pursuant to Section 2902 of this title, whether or not an application for such exemption is made by an otherwise qualifying manufacturing concern owning the property described by Section 2817.3 of this title.

Without using language of exemption, this section directs the assessor to exclude the value of desulphurization equipment from the valuation of a refinery's property. Section 2817.3 implements § 2817(E) by providing a procedure to apply for "exclusion" of the property. This exclusion is indistinguishable from an exemption. By withdrawing the equipment from ad valorem taxation, the statutes create an ad valorem tax exemption. They do not provide a substitute tax. Sections 2817(E) and 2817.3 therefore violate the Oklahoma Constitution, Art. 5, § 50. Because these statutes allow refineries taxed ad valorem to be assessed at less than ten percent of its fair cash value, they violate Art. 10, § 8.

¶ 11 SBOE and Refinery argue the statute merely specifies a method of valuation rather than creating an exemption. Refinery contends the desulphurization equipment is required by Environmental Protection Agency rules, 40 C.F.R. Parts 80, 85, and 86, to reduce the sulfur content of gasoline and diesel fuel, but does not increase the productive capacity of the refinery or enhance the value of the product. Therefore, it argues, the challenged statutes are merely a legislative determination the costs incurred to install mandatory desulphurization equipment do not increase the price a knowledgeable willing buyer would pay for the refinery.

¶ 12 We agree the Legislature has broad powers under Okla. Const. Art. 10, § 22 to prescribe the methods for valuing different classes of property. It exercised those powers in the Ad Valorem Tax Code by defining three approaches for the valuation of property:

14. "Cost approach" means a method used to establish the fair cash value of property involving an estimate of current construction cost of improvements, subtracting accrued depreciation and adding the value of land;

. . .

20. "Income and expense approach" means a method to estimate fair cash value of a property by determining the present value of the projected income stream;

. . .

25. "Sales comparison approach" means the collection, verification, and screening of sales data, stratification of sales information for purposes of comparison and use of such information to establish the fair cash value of taxable property;

. . .

68 O.S.2001 § 2802. The parties agree desulphurization equipment is personal property. Under Tax Commission rules, county assessors use valuation schedules in estimating the fair cash value of business personal property. OAC 710:10–2–1(a). However, the "actual value of any particular asset may be affected by conditions or use", and use of the schedules does not "relieve property owners or assessing officials of their obligations by law to report, value, or assess personal property at its fair cash value." OAC 710:10–2–1(d). The valuation schedules are based on average prices for new and used equipment, and therefore appear to apply the sales comparison approach to business personal property. The Legislature is free to specify a different valuation method for a class of property. However, in statutorily excluding the value of desulphurization equipment from ad valorem taxation, the Legislature went beyond specifying a valuation method. Instead, it prohibited valuation of desulphurization equipment. Therefore, we are unable to construe the challenged statutes as merely specifying a method of valuation. The Legislature's action is beyond its powers under the Oklahoma Constitution.

¶ 13 We note the Appellees do not attempt to qualify the exclusion as an exemption under 68 O.S.Supp.2005 § 2902. Section 2817(E) requires that the desulphurization equipment "qualify as exempt property pursuant to Section 2902" in order to be eligible for the valuation exclusion. Section 2902 implements the ad valorem tax exemption in OKLA. CONST. Art. 10, § 6B for "new, expanded or acquired manufacturing facilities for a period of five (5) years." However, § 6B directs the Legislature to provide reimbursement to schools and other entities for revenues lost to those entities as a result of the exemption. The Legislature has neither limited the desulphurization equipment exclusion to five years nor provided reimbursement for revenues lost to schools and others. Therefore, we are unable to qualify the exclusion as an exemption under OKLA. CONST. Art. 10, § 6B and 68 O.S.Supp.2005 § 2902. However, nothing in this opinion prevents an eligible refinery from obtaining the exemption provided by Art. 10, § 6B.

¶ 14 For the foregoing reasons, we hold 68 O.S.Supp.2004 §§ 2817(E) and 2817.3 are unconstitutional. We REVERSE the trial court's summary determination and REMAND with instructions to enter judgment in favor of SAVE. SAVE's motion for oral argument and submission of briefs is denied.

JOPLIN, P.J., and BUETTNER, C.J., concur.