Dear Senator Wilson:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Does the Oklahoma Tax Commission have the authority to determine whether tax structures used by corporations are lawful and accurately reflect the state income tax that the corporations owe?
 INTRODUCTION
"In this world nothing is certain but death and taxes."[1] Throughout history, taxes have been imposed to fund government. "A tax is a pecuniary burden imposed upon a class of individuals, businesses, or other entities for support of government." U. S. Fid. Guar. Co. v. State exrel. Okla. Tax Comm'n, 54 P.3d 1010, 1013 (Okla. 2002). "[T]he taxing power, when acting within its legitimate sphere, is one which knows no stopping place until it has accomplished the purpose for which it exists, viz., the actual enforcement and collection from every lawful object of taxation of its proportionate share of the public burdens; and, if prevented by an obstacle, it may return again and again until, the way being clear, the tax is collected." Anderson v. Ritterbusch,98 P. 1002, 1009 (Okla. 1908). "Tax statutes are penal in nature." GlobeLife Accident Ins. Co. v. Okla. Tax Comm'n, 913 P.2d 1322, 1326
(Okla. 1996). "The Legislature has plenary power to tax, subject only to constitutional restrictions and the will of the people expressed through elections." Save Ad Valorem Funding For Students v. Okla. Dep't OfEnvtl. Quality, 135 P.3d 823, 826. (Okla.Civ.App. 2005). In Oklahoma, most taxes are collected by the Oklahoma Tax Commission.
 THE FUNCTION OF THE OKLAHOMA TAX COMMISSION
The Oklahoma Tax Commission is a statutorily created agency of Oklahoma government. 68 O.S. 2001, § 102[68-102].[2] "The Tax Commission shall consist of three (3) persons to be appointed by the Governor of the State of Oklahoma by and with the consent of the State Senate of the State of Oklahoma." Id. "The Oklahoma Tax Commission shall appoint an administrator who shall serve at the pleasure of the Commission and who shall be the administrative officer of the Commission and manage the activities of the employees provided for in Sections 104 and 105 of this title [Title 68]." Id. The Commission has the "power to administer oaths, to conduct hearings, and to compel the attendance of witnesses and the production of the books, records and papers of any person, firm, association or corporation." Id. § 103.
Title 68 of the Oklahoma Statutes provides the current framework for the Oklahoma Tax Code.[3] The "Uniform Tax Procedure Code" governs "uniform procedures and remedies with respect to all state taxes."Id. § 201. In furtherance of its responsibilities:
 The Oklahoma Tax Commission is hereby authorized to enforce the provisions of Section 201 et seq. of this title and to promulgate and enforce any reasonable rules with respect thereto. The Tax Commission may also prescribe, promulgate and enforce all necessary rules for the purpose of making and filing of all reports required under any state tax law, and such rules as may be necessary to ascertain and compute the tax payable by any taxpayer subject to taxation under any state tax law; and may, at all times, exercise such authority as may be necessary to administer and enforce each and every provision of any state tax law.
68 O.S. Supp.2006, § 203. Powers of examination or investigation are provided at 68 O.S. 2001, § 206[68-206](a). Taxpayers objecting to a finding by the Commission may request a hearing. 68 O.S. 2001, § 207[68-207](c); Sowders v. Okla. Tax Comm'n, 527 P.2d 852, 855 (Okla. 1974).
The Oklahoma Tax Commission examines tax returns and other available information to determine the proper tax liability for taxpayers:
 If any taxpayer shall fail to make any report or return as required by any state tax law, the Oklahoma Tax Commission, from any information in its possession or obtainable by it, may determine the correct amount of tax for the taxable period. If a report or return has been filed, the Tax Commission shall examine such report or return and make such audit or investigation as it may deem necessary. If, in cases where no report or return has been filed, the Tax Commission determines that there is a tax due for the taxable period, or if, in cases where a report or return has been filed, the Tax Commission shall determine that the tax disclosed by such report or return is less than the tax disclosed by its examination, it shall in writing propose the assessment of taxes or additional taxes, as the case may be, and shall mail a copy of the proposed assessment to the taxpayer at the taxpayer's last-known address. Proposed assessments made in the name of the "Oklahoma Tax Commission" by its authorized agents shall be considered as the action of the Tax Commission.
68 O.S. Supp.2006, § 221(A). After receiving a tax return, the Commission can request additional information:
 In addition to information required on any state tax return or report prescribed by the Oklahoma Tax Commission, upon request or demand for production of information by the Commission, or its duly authorized agent, a state taxpayer shall furnish any information deemed necessary to determine the amount of state tax liability. Notwithstanding Section 205 of this title the Commission shall have the power to compel the production of books, records or papers of any person, firm, association, partnership, corporation or other legal entity regarding the business, property, assets or effects of any Oklahoma taxpayer which may be necessary to a determination of state tax liability of such taxpayer, including any books, records or papers necessary to obtain or verify information necessary for resolution of a protest by a taxpayer to an assessment of tax or additional tax or to the resolution of a claim for refund filed by a taxpayer. If the information is deemed confidential or proprietary by the person, firm, association, partnership, corporation or other legal entity, no production can be compelled pending a hearing on the nature and extent of the production of privileged and confidential information.
68 O.S.2001, § 248. The Oklahoma Tax Commission has promulgated administrative rules which are found at OAC 710:1-1-1 — 1-5-200.
 OKLAHOMA INCOME TAX
One of the 73 taxes, licenses, fees and permits collected by the Oklahoma Tax Commission is corporate income tax.[4] The "Oklahoma Income Tax Act"[5] is found at Article 23 of Title 68. The purpose of income taxes is "to provide revenue for general governmental functions of state government[.]" 68 O.S. Supp.2006, § 2352.
Filing requirements for corporations are found at 68 O.S. Supp.2006, § 2368(E), which provides:
 Every corporation shall make a return for each taxable year stating the taxable income and the adjustments provided in Section 2351 et seq. of this title to arrive at Oklahoma taxable income. In addition, corporations electing subchapter S treatment pursuant to the Internal Revenue Code and Section 2351 et seq. of this title, shall include a schedule showing the distribution to shareholders of the various items of income as per the federal return and the adjustments for Oklahoma. All corporation returns shall be signed by the president, vice president, or other principal officer and the corporate seal impressed. In cases where receivers, trustees in bankruptcy, or assignees are operating the property or business of corporations, such receivers, trustees, or assignees shall make a return for such corporations in the same manner and form as corporations are required to make returns. Any tax due on the basis of such returns made by receivers, trustees, or assignees shall be collected in the same manner as if collected from the corporations of whose business or property they have custody and control.
Id. Corporations pay a flat Oklahoma income tax:
 Corporations. For all taxable years beginning after December 31, 1989, a tax is hereby imposed upon the Oklahoma taxable income of every corporation doing business within this state or deriving income from sources within this state in an amount equal to six percent (6%) thereof.
68 O.S. Supp.2006, § 2355(D).[6] "Oklahoma taxable income" is defined under the Oklahoma Income Tax Act as:
 "[T]axable income" as reported (or as would have been reported by the taxpayer had a return been filed) to the federal government, and in the event of adjustments thereto by the federal government as finally ascertained under the Internal Revenue Code, adjusted further as hereinafter provided[.]
Id. § 2353(12).
Adjustments to "taxable income"[7] and "adjusted gross income"[8]
are provided in 68 O.S. 2001 Supp.2006, §§ 2358 — 2358.100. Credits against Oklahoma Income Tax liability are found in 68 O.S. 2001 
Supp.2006, §§ 2357 — 2357.205.[9]
Specific statutory provisions regulate tax treatment for Subchapter S corporations[10] and consolidated corporate income tax returns.[11]
The Oklahoma Tax Commission, in reviewing income tax returns, may:
 [A]llocate gross income, gains, losses, deductions, credits or allowances between two or more organizations, trades or businesses (whether or not incorporated, or organized in the United States or affiliated) owned or controlled directly or indirectly by the same interests, if the Tax Commission reasonably determines such allocation is necessary to prevent evasion of taxes or to clearly reflect income of the organizations, trades or businesses. Each such organization shall be deemed to be transacting business in Oklahoma and subject to all the provisions of this act. This section shall apply only with respect to related organizations, trades or businesses which in the aggregate derive income both within and outside the State of Oklahoma and then only with respect to such income, deductions, credits or allowances related thereto.
68 O.S. 2001, § 2366[68-2366]. Criminal penalties for state income tax violations provide:
 A. Any person, natural or corporate, or any officer or agent of any corporation who, with the intent to defraud the state or evade the payment of any income tax, shall fail to file a state income tax return when such person is required to do so by the statutes of Oklahoma, and within the time in which such returns are required to be filed, or within a time extension if obtained from the Tax Commission shall be guilty, upon conviction, of a felony and shall be punished as provided for in Section 240.1 of this title.
 B. Any person, natural or corporate, or any officer or agent of any corporation who, with the intent to defraud the state, or evade the payment of any income tax, files a state income tax return which is false in any material items or particular, shall be guilty, upon conviction, of a felony and shall be punished as provided for in subsection A of Section 241 of this title.
68 O.S. 2001, § 2376[68-2376]. The Oklahoma Tax Commission has promulgated administrative income tax rules at OAC 710:50-1-1 — 50-27-1.
 ANALYSIS
The Oklahoma Tax Commission is charged with enforcing and collecting state income taxes in Oklahoma. It has statutory powers to "administer oaths, to conduct hearings, and to compel the attendance of witnesses and the production of the books, records and papers of any person, firm, association or corporation." 68 O.S. 2001, § 103[68-103]. Rule-making authority allows the Commission to promulgate "such rules as may be necessary to ascertain and compute the tax payable by any taxpayer subject to taxation under any state tax law[.]" 68 O.S. Supp.2006, § 203. After a taxpayer filing, the Commission "shall examine such report or return and make such audit or investigation as it may deem necessary." 68 O.S. Supp.2006, § 221(A). During the audit or investigation, a taxpayer "shall furnish any information deemed necessary to determine the amount of state tax liability." 68 O.S. § 2001[68-2001], 248.
Corporations, whether domiciled in Oklahoma or elsewhere, often organize or structure their corporate activities so as to minimize state and federal income taxes. Under the Regulations of Commerce and Due Process clauses of the United States Constitution (U.S. CONST. art. 1, §8, cl. 3, and U.S. CONST. Amend. XIV, § 1) for a state to be able to tax a corporation's income there must be "some definite link, some minimum connection, between a state and the person, property or transaction it seeks to tax." Allied-Signal, Inc. v. Dir., Div. ofTaxation, 504 U.S. 768, 777 (1992) (quoting Miller Bros. Co. v. Maryland,347 U.S. 340, 344-45 (1954)). Because of the complications and uncertainties in allocating the income of multistate businesses to the several states, the United States Supreme Court has decreed it will permit states to tax a corporation on an apportionable share of the multistate business carried on in part in the taxing state, i.e., the so-called "unitary business principle." Id. at 779. You ask, in effect, whether the Oklahoma Tax Commission has the authority to analyze a corporation's structure to determine whether the taxable income reported (and thus the amount of Oklahoma corporate income tax owed) by the corporation is accurate and proper.
Under the above principles, the Oklahoma Tax Commission is vested with very broad authority to examine any and all information deemed necessary for it to determine the amount of tax liability in Oklahoma. Such examination would necessarily include, to the extent deemed necessary, analysis of the structure of the corporation (for instance, whether it is a regular corporation or a subchapter S corporation), see 68 O.S. Supp.2006, § 2368(E), above, and whether the total income of a multistate corporation is properly allocated to its Oklahoma operations. Thus, the "tax structure" of the corporation not only can, but must be taken into account to assure that Oklahoma is receiving a fair and proper amount of income tax revenue from the corporation.
Specific to state income tax returns, the Tax Commission may make adjustments between two or more taxpayers owned or controlled directly or indirectly by the same interests when it "reasonably determines such allocation is necessary to prevent evasion of taxes or to clearly reflect income of the organizations, trades or businesses." 68 O.S. 2001, § 2366[68-2366]. What constitutes a proper adjustment by the Oklahoma Tax Commission is a question of fact and cannot be answered by an Attorney General Opinion. See 74 O.S. 2001, § 18b[74-18b](A)(5).
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. The Oklahoma Tax Commission, as the regulator of the Oklahoma Income Tax Act, has the authority to analyze a corporation's structure to determine whether the taxable income reported (and thus the amount of Oklahoma corporate income tax owed) by the corporation is accurate and proper. 68 O.S. 2001 Supp.2006, §§ 2351, 2366, 2368(E).
 2. The Oklahoma Tax Commission has authority to make adjustments between two or more taxpayers owned or controlled directly or indirectly by the same interests when it "reasonably determines such allocation is necessary to prevent evasion of taxes or to clearly reflect income of the organizations, trades or businesses." 68 O.S. 2001, § 2366[68-2366].
 3. What constitutes a proper adjustment by the Oklahoma Tax Commission is a question of fact and cannot be answered by an Attorney General Opinion. See 74 O.S. 2001, 18b(A)(5).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DAVID L. KINNEY ASSISTANT ATTORNEY GENERAL
[1] Benjamin Franklin: Quotedb.com, http://quotedb.com/category/government/author/benjamin-franklin (last visited Aug. 20, 2007).
[2] The Oklahoma Tax Commission was created by the Oklahoma Legislature in 1931. See 1931 Okla. Sess. Laws ch. 66, art. 1.
[3] 68 O.S. 2001, § 101[68-101].
[4] In the Comparative Statement of All Tax Collections of the PastTwo Years, the Oklahoma Tax Commission lists 73 tax, license, fee and permit collections. See RESEARCH OFFICE OF THE TAX POLICY DIV., OKLA. TAX. COMM'N, ANNUAL REPORT OF THE OKLA. TAX COMM'N 12 (2005).
[5] 68 O.S. 2001 Supp.2006, §§ 2351 — 2357.9.
[6] The Legislature amended Section 2355 in 2007, but those amendments are not germane to your question. See 2007 Okla. Sess. Laws ch. 136, § 7.
[7]
 "Taxable income" with respect to any taxpayer means the "taxable income", "life insurance company taxable income", "mutual insurance company taxable income", "(regulated) investment company taxable income", "real estate investment trust taxable income", and "cooperatives' taxable income" and any other "taxable income" as defined in the Internal Revenue Code as applies to such taxpayer or any other income of such taxpayer including, but not limited to, lump sum distributions as defined by the Internal Revenue Code of 1986, as amended; provided, in the case of income derived from oil and gas well production, any taxpayer, at his or her option, may deduct as an allowance for depletion, in lieu of other calculation of depletion based on the cost of the oil and gas deposit, twenty-two percent (22%) of the gross income derived from the properties during the taxable year. Provided further, for tax years beginning on or after January 1, 1997, and ending on or before December 31, 1999, and for tax years beginning on or after January 1, 2001, and ending on or before December 31, 2011, for major oil companies as defined in Section 288.2 of Title 52 of the Oklahoma Statutes, such allowance shall not exceed fifty percent (50%) of the net income of the taxpayer (computed without allowance for depletion) from the property. During taxable years other than those specified herein, for all taxpayers, such allowance shall not exceed fifty percent (50%) of the net income of the taxpayer (computed without allowance for depletion) from the property. If a depletion allowance is allowed as a deduction in arriving at the adjusted gross income in the case of an individual, or taxable income for corporations and trusts, or distributable income of partnerships by the Internal Revenue Service, the percentage depletion so calculated shall in no event be a duplication of depletion allowed on the Federal Income Tax Return[.]
68 O.S. Supp.2006, § 2353(10).
[8] "`Adjusted gross income' means `adjusted gross income' as defined in the Internal Revenue Code[.]" Id. § 2353(11).
[9] Oklahoma income tax credits run the gamut from solar energy systems to poultry litter.
[10] 68 O.S. 2001, § 2365[68-2365].
[11] 68 O.S. 2001, § 2367[68-2367].