OSCN Found Document:Question Submitted by: James V. Barwick, Oklahoma Wildlife Conservation Commission

 

 
 Question Submitted by: James V. Barwick, Oklahoma Wildlife Conservation Commission2025 OK AG 3Decided: 04/16/2025OKLAHOMA ATTORNEY GENERAL OPINIONS
Cite as: 2025 OK AG 3, __ __

 

¶0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following question:Whether the Legislature may impose, consistent with the Oklahoma Constitution, an obligation on the Oklahoma Wildlife Conservation Commission ("OWCC") requiring it to make annual payments to individual counties "in lieu of" ad valorem taxes on its property located within those counties? 1

I.Summary

¶1 No, the Legislature may not obligate the OWCC to make annual payments to individual counties "in lieu of" ad valorem taxes on its property located within those counties. The Oklahoma Constitution generally exempts state property from taxation. Okla. Const. art. X, § 6(A). Title 29, section 3-303(C) of the Oklahoma Statutes improperly skirts that constitutionally mandated exemption by fashioning a substitute for a tax that it could not impose directly. And even if the Legislature could permissibly exact such a tax, the statute also violates a separate and distinct constitutional requirement devoting the OWCC's funds to the management and benefit of the state's wildlife resources "and for no other purpose." Okla. Const. art. XXVI, § 4. In short, title 29, section 3-303(C) is unconstitutional. The OWCC does not bear any "in lieu of" ad valorem tax obligations to individual counties arising under section 3-303(C). Finally, because the office concludes that section 3-303(C) violates the Oklahoma Constitution, this opinion is advisory only.

II.Background

¶2 The question presented tests the constitutional fitness of a legislative enactment imposing the functional equivalent of an annual tax on state lands belonging to the OWCC for the fiscal benefit of Oklahoma's counties. In 1956, the people of Oklahoma adopted article XXVI of the Oklahoma Constitution, which created the Department of Wildlife Conservation and the OWCC. 2 Okla. Const. art. XXVI, § 1; see also Okla. Wildlife Fed'n, Inc. v. Nigh, 1972 OK 144513 P.2d 310see also 29 O.S.2021, § 3-303and for no other purpose." Okla. Const. art. XXVI, § 4 (emphasis added); see also 29 O.S.2021, § 3-10129 O.S.2021, § 3-302

¶3 In 1988, the Legislature amended title 29, section 3-303, a provision within the Oklahoma Wildlife Conservation Code, to include a new subsection containing the following language, in pertinent part:

On any land acquired by the Oklahoma Wildlife Conservation Commission pursuant to the provisions of the Oklahoma Wildlife Conservation Code, after the effective date of this act, the Commission shall annually make in lieu of tax payments equal to the average ad valorem tax per acre paid on similar land in that county. Said payments shall be made from any funds created in or pursuant to the authority granted by the Oklahoma Wildlife Conservation Code. 3

1988 Okla. Sess. Laws ch. 120, § 3 (codified at 29 O.S.2021, § 3-303
III.Discussion

A. The Legislature may not require an "in lieu of" payment from the OWCC as a substitute for an expressly exempted ad valorem tax obligation.

¶4 Although you have posed multiple questions about the application of section 3-303(C), your request essentially asks whether the Legislature acted within proper constitutional bounds when enacting section 3-303(C), thereby creating an "in lieu of" ad valorem tax obligation for lands belonging to the OWCC. "Ad valorem taxes are direct taxes on real and personal property based on the property's value." Liddell v. Heavner, 2008 OK 6180 P.3d 1191Kingfisher Wind, LLC v. Wehmuller, 2022 OK 83521 P.3d 78668 O.S.2021, § 2804Cumberland Operating Co. v. Ogez, 1988 OK 14769 P.2d 10568 O.S.Supp.2023, § 2887see also Cumberland Operating Co., 1988 OK 14

¶5 As a threshold matter, the OWCC is an agency of the State of Oklahoma. See, e.g., 61 O.S.Supp.2022, § 10229 O.S.2021, § 3-303

¶6 Indisputably, the Legislature may employ "in lieu" language when drafting Oklahoma tax statutes. See Cumberland Operating Co., 1988 OK 1468 O.S.2021, § 2804Cave Springs Pub. Sch. Dist. I-30 v. Blair, 1980 OK 103613 P.2d 1046Apache Gas Prods. Corp. v. Okla. Tax Comm'n, 1973 OK 34509 P.2d 109see also 1987 OK AG 150

¶7 Within the state's Ad Valorem Tax Code, the Legislature has enumerated eleven distinct categories for which "fees or taxes levied by the provisions of the Oklahoma Statutes shall be in lieu of ad valorem tax." 68 O.S.2021, § 2805id. § 2805(1), "[r]egistration fees for motor vehicles," id. § 2805(2), and the "taxes levied upon the gross production of" minerals, id. § 2805(5); see also Cumberland Operating Co., 1988 OK 14Magnolia Petroleum Co. v. Okla. Tax Comm'n, 1940 OK 437106 P.2d 829see also Apache Gas Prods. Corp., 1973 OK 34on the same exempt real property under the label of a permissible "in lieu of" payment. 4 This approach is improper; regardless of the framing, it is an unconstitutional tax.

¶8 Plainly, "[t]he Legislature may substitute one form of taxation for another" as a general matter. Home-Stake Prod. Co. v. Bd. of Equalization, 1966 OK 115416 P.2d 917see also In re Assessment of Chickasha Cotton Oil Co., 1920 OK 339194 P. 215Save Ad Valorem Funding for Students v. Okla. Dep't of Env't Quality, 2006 OK CIV APP 53135 P.3d 823valid ad valorem tax obligation for which a new and equally valid mode of taxation is simply being exchanged. In other words, the taxpaying entity will have been "relieved of payment of ad valorem taxes by payment of the substitute" tax. Cumberland Operating Co., 1988 OK 14 That is not the case here. Section 3-303(C) does not "relieve" the OWCC of anything. Instead, the statute burdens the OWCC by grafting an invalid recurring payment obligation onto an otherwise legitimate--and constitutionally authorized--exemption from ad valorem taxes.

¶9 Fundamentally, our state Constitution "grants to the Legislature the power to legislate on any 'rightful subject.'" Naifeh v. State ex rel. Okla. Tax Comm'n, 2017 OK 63400 P.3d 759Draper v. State, 1980 OK 117621 P.2d 1142 "A mandatory provision in our constitution . . . is a limitation upon the power of the legislature." Lepak v. McClain, 1992 OK 166844 P.2d 852Reherman v. Okla. Water Res. Bd., 1984 OK 12679 P.2d 1296

B. Section 3-303(C) further contravenes the Oklahoma Constitution by directing the use of OWCC funds for a purpose that does not benefit wildlife resources. 

¶10 Even if section 3-303(C)'s "in lieu of tax payments" could withstand constitutional scrutiny under article X, section 6 of the Oklahoma Constitution, the statute would also independently violate the separate constitutional provision governing how the OWCC must use and dispose of its funds in accordance with article XXVI, section 4. "A constitutional provision must be construed considering its purpose and given a practical interpretation so that the manifest purpose of the framers and the people who adopted it may be carried out." Fent v. Fallin, 2014 OK 105345 P.3d 1113See 29 O.S.2021, § 3-303

¶11 The Oklahoma Constitution has not left these objects and purposes to guesswork. The OWCC must exclusively dedicate its funds to "the control, management, restoration, conservation and regulation of the bird, fish, game and wildlife resources of the State, including the purchase or other acquisition of property for said purposes, and for no other purpose." Okla. Const. art. XXVI, § 4 (emphasis added); see also 29 O.S.2021, § 3-302Okla. Wildlife Fed'n, 1972 OK 144see also 1976 OK AG 287("[T]he intent of the people of the state, in adopting Section 4 of Article 26 of the Oklahoma Constitution was that no money arising from the operation and transactions of the Department of Wildlife Conservation was to be diverted from the Wildlife Conservation Fund."); 1971 OK AG 163(emphasizing that, in order for "any [OWCC] expenditure to be permissible, it must serve to further the 'control, management, restoration, conservation and regulation' of the State's wildlife resources").

¶12 "When reasonably possible, . . . statutes should be construed as to uphold their constitutionality." Williamson v. State, 1969 OK CR 326463 P.2d 1004Lepak, 1992 OK 166EOG Res. Mktg., Inc. v. Okla. State Bd. of Equalization, 2008 OK 95196 P.3d 511 In sum, section 3-303(C) imposes extraneous tax obligations on the OWCC that cannot be reconciled with the fulfillment of its clear constitutional duties under article XXVI as the steward of the state's wildlife resources.

¶13 Although your request goes on to suggest additional grounds supporting section 3-303(C)'s invalidity, any remaining questions about the application and enforceability of the statute are resolved by the office's conclusion that the statute independently violates articles X and XXVI of the Oklahoma Constitution. As a final matter, you ask whether the OWCC could seek reimbursement of its prior payments to individual counties following a legal determination that section 3-303(C) is unconstitutional. Answering that question would require this office to assess the availability of legal remedies and potential defenses in advance of anticipated litigation. Your final question must ultimately remain for determination "by an action in the District Court of this state." State ex rel. York v. Turpen, 1984 OK 26681 P.2d 763See 74 O.S.2021, § 18b2024 OK AG 7

¶14 It is, therefore, the official Opinion of the Attorney General that:

Title 29, section 3-303(C) of the Oklahoma Statutes imposes an unconstitutional "in lieu of" ad valorem tax obligation on the OWCC. Furthermore, section 3-303(C) impairs the constitutionally defined objects and purposes of the OWCC, in derogation of article XXVI, section 4 of the Oklahoma Constitution. 5 

Gentner DrummondAttorney General of OklahomaCullen D. SweeneyAssistant Solicitor General

FOOTNOTES

1 The request consists of eight separate questions, but each of these revolves around the central issue of title 29, section 3-303(C)'s constitutionality.

2 The statute at issue refers only to the OWCC. See 29 O.S.2021, § 3-303see also 29 O.S.2021, § 3-101

3 The Legislature provided an effective date of January 1, 1989.

4 "Real property, for the purpose of ad valorem taxation, shall be construed to mean the land itself, and all rights and privileges thereto belonging or in any wise appertaining . . . ." 68 O.S.2021, § 2806

5 By virtue of this opinion's conclusion that title 29, section 3-303(C) of the Oklahoma Statutes violates the Oklahoma Constitution, it must be construed as advisory only. State ex rel. York v. Turpen, 1984 OK 26681 P.2d 763